GROSSMAYER v. DISTRICT NO. 1 INDEPENDENT ORDER OF B'NAI BRITH.

(Supreme Court, Appellate Division, First Department.   March 7, 1902.)

BENEFICIAL ASSOCIATIONS—DESIGNATION OF BENEFICIARIES—CHANGE OF BY-LAWS.

An alteration of the by-laws of a benefit society, changing the manner of designating beneficiaries, and requiring, contrary to the former rule, that, unless a member who left no wife or child designated a beneficiary in a certain manner, no benefit should accrue, did not change the status of a member who was incapacitated by insanity from a compliance therewith, and remained so until his death.

Van Brunt, P. J., dissenting.

Appeal from trial term, New York county.

Action by Regina Grossmayer against District No. 1, Independent Order of B'nai Brith. From a judgment for plaintiff, and from an order denying a new trial (70 N. Y. Supp. 393), defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

Julius J. Frank, for appellant.
Morris J. Hirsch, for respondent.

HATCH, J. This action was brought to recover the sum of $1,000 from the defendant, a domestic corporation, alleged to be due the plaintiff from and out of an endowment fund established by the defendant under its constitution and by-laws. The defendant is an order organized for benevolent and philanthropic purposes, and among other provisions it established an endowment fund for the benefit of widows, orphans, and parents of the members. The son of the plaintiff, Emanuel Grossmayer, became a member of the defendant order in January, 1891, obligating himself thereby to observe the constitution, laws, and rules of the order. At the time said Grossmayer became a member, the constitution and by-laws provided that out of this endowment fund the sum of $1,000 should be paid on the member's death—First, to his widow; second, to his children, if he leave no widow; third, to his father, if he leave neither widow nor child; fourth, to his mother, if he leave neither widow, child, nor father; and, fifth, such beneficiaries as the member might direct, provided he left surviving none of the relatives designated in the fourth provision. The constitution and by-laws further provided that, in case the member left neither wife, child, nor parents, and failed or neglected to make any designation as to his beneficiaries, the endowment should fail, and go into the endowment fund of the district. Provision was made for amending the constitution and by-laws, and in January, 1896, an amendment was duly made of the laws pertaining thereto, and the provisions as to the endowment going to the parents in case of the failure of widow or child to survive the deceased member was stricken out. The amendments to the by-laws provide as follows:

"Sec. 5. Upon the decease of a participant in this fund there shall be paid the amount secured by him respectively: First. To his widow. Second. To his children, if there be no widow. But the brother may, by a designation in a book provided for that purpose, declare that the endowment, or a part thereof, shall be paid to such beneficiary or beneficiaries as he may designate, to the exclusion of his children, provided he leaves no widow. In such case a designation to the executors or administrators of the brother is a valid and sufficient designation."

"Sec. 9. A member having neither wife nor child must designate in writing in such book, in the manner hereintofore provided, to whom the sum secured shall be paid. In the event of a failure of a member to make such designation such sum shall not be paid."

In March, 1892, the plaintiff's son was admitted to Bloomingdale Asylum as an insane patient, and from that time until his death, in

September, 1896, he was incapacitated from performing any act requiring mental operation. His dues to the order, however, were regularly paid, and at the time of his death the deceased was a member in good standing. Deceased did not, however, make the designation in the book as provided by the amended by-laws. He died leaving neither wife nor children, but leaving his mother, the plaintiff in the action, who claims to be entitled to receive the fund. It is the well-settled general rule, applicable to these organizations, that the certificate of membership and its conditions, together with the constitution and by-laws of the order, furnish the contract by which the rights of the members to participate in the benefits are to be determined. Bird v. Association, 30 App. Div. 346, 52 N. Y. Supp. 1044. Where the constitution makes provision for a change in it and its by-laws by the action of the society, such right to change forms a part of the contract, and the members are bound by such changes as are regularly made. The only limitation upon the power seems to be that the by-law must be reasonable in its terms and operation, and consistent with the provisions of the constitution. Parish v. Produce Exchange, 169 N. Y. 34, 61 N. E. 977. So far as the amendments to the by-laws in this case are concerned, they are undoubtedly reasonable in character, consistent with the provisions of the constitution, and therefore such as the organization had the right to make. Not only must the change be reasonable, however, but the operation of the law must also give fair opportunity for a compliance with its provisions. A by-law, however reasonable in form, would necessarily be unreasonable in its operation if the members were not given fair opportunity to make compliance with it. The condition always is that the person upon whom the by-law is to operate must be able to and have opportunities for making compliance with its terms, and if, by the intervention of the vis major, or other equivalent condition, such opportunity is not given, the party will usually be held excused, and no forfeiture will be worked. Wheeler v. Insurance Co., 82 N. Y. 543, 37 Am. Rep. 594. In this case it was held that insanity did not excuse the payment of premiums upon a policy of life insurance, for the reason that such act could be performed by another for the insane person with the same force and effect as though performed by him; but it also recognizes that, if the contract be of such a character that performance can only be made by the person laboring under the disability, then such condition will excuse nonperformance, and no forfeiture will be worked thereby. In Cohen v. Insurance Co., 50 N. Y. 610, 10 Am. Rep. 522, it was said:

"There is a manifest distinction between mere impediments and difficulties in the way of the performance of a condition and an impossibility created by law or the act of the government. This is clearly recognized in Wood v. Edwards, 19 Johns. 205; People v. Bartlett, 3 Hill, 570. An individual, by his covenant, may undertake, as against his own act and the acts of strangers, but not against the acts of God, or the government, or of the obligee. In Wolfe v. Howes, 20 N. Y. 197, 75 Am. Dec. 388, the performance of the undertaking became impossible by the act of God in the death of the party, and performance was held excused upon the ground that the parties must be deemed to have made this an exception by implication."

In the present case the deceased was, and had been for a long time prior to the adoption of the amendments of these by-laws, utterly incapacitated from performing any intelligent act. It was therefore impossible for him to make compliance with the by-law, and such condition was created by the act of God. The act which the deceased was required to perform could not be so performed by any other person. The by-law required that it should be his act in making designation of the person to whom the endowment fund should be paid. True, a designation might be made of some person by another acting for the deceased, but such designation would not be his act, nor could it be said that the designation so made would be of the person selected by the deceased had he the mental capacity to make it. It is therefore clear that the disability was of such a character as rendered compliance with the amended by-law by the deceased absolutely impossible, and the act required to be performed could not be performed for him by any other person. So far as the payment of premiums is concerned, that was an act which could be and was performed for the deceased by another, and the defendant had the benefit of all the payments. Under these circumstances we are of the opinion that the deceased must be held to have been exempted from performance, and such exemption is to be implied from the conditions. To hold otherwise would be to say that the organization could make its by-laws operate unreasonably. If death had intervened before opportunity for compliance therewith had been given, clearly no forfeiture could be worked. We see no difference in principle between an act of God resulting in death and an act of the same power working a mental death, as absolute in bar of performance as though physical death had supervened. We are of opinion, therefore, that the doctrine of the cases we have cited is controlling of this question, and that no forfeiture of the rights of the plaintiff was worked by the failure of the deceased to make the designation which the by-law required. Nothing that is contained in Hellenburg v. District No. 1, 94 N. Y. 580, conflicts with this view. The insanity in that case did not supervene until after abundant opportunity had been given to make compliance with the by-law, the subject of consideration in that case. Here the disability existed prior to the change, and was continuous during the lifetime of the deceased. Under such circumstances we think that it would be an. unreasonable application of this law to hold that its provisions were applicable to the deceased. If these views are sound, it follows that the judgment and order should be affirmed, with costs.

O'BRIEN, INGRAHAM, and McLAUGHLIN, JJ., concur.

VAN BRUNT, P. J. I dissent. I do not think that a corporation can make its by-laws operative as to some members and not as to others of the same class. The reasonableness of a by-law is not to be judged by the fact that one member is so situated that he cannot comply with it.