O'BRIEN v. SUPREME COUNCIL, CATHOLIC BENEV. LEGION.

(Supreme Court, Appellate Division, First Department.  March 6, 1903.)

1. MUTUAL BENEFIT ASSOCIATION—CONTRACT OF MEMBER.
    In a beneficial association, the certificate and the constitution and by-laws constitute the contract between the member and the association.

2. SAME—CHANGE IN BY-LAWS—BENEFICIARY—VESTED RIGHTS.
    A mutual benefit certificate provided that on proof of permanent disability the member should be entitled to one-half the insurance, and that the member should have the right to change beneficiaries.  A certificate was payable to the member's wife, and after her death was made payable to the second wife, who died before the member, no further change being made in the certificate.  After the second wife was substituted as beneficiary the by-laws were changed, so as to provide that on the death of the beneficiary before the member the administrator of the beneficiary, instead of the administrator of the member, should be entitled to the proceeds of the certificate.  *Held*, that neither the member nor the first wife had any vested interest in the certificate, so as to render the amended by-law void as to them.

3. SAME—BY-LAWS—REASONABLENESS.
    A by-law of a mutual benefit association altering the existing by-laws so as to provide that in case of the death of a beneficiary before that of

¶ 1. See Insurance, vol. 28, Cent. Dig. § 1854.

the member the administrator of the beneficiary, instead of the administrator of the member, shall receive the proceeds of the certificate, is reasonable.

Submission of controversy without action, under Code Civ. Proc., § 1279, between James A. O'Brien, as administrator of the estate of Thomas J. O'Brien, deceased, and the Supreme Council, Catholic Benevolent Legion. Judgment for defendant.

The facts agreed upon by the parties hereto show that the defendant is a benevolent life insurance association, incorporated under the laws of the state of New York; that on or about the 18th day of December, 1883, the defendant duly issued to Thomas J. O'Brien, one of its members, a benefit certificate, number 2,887, for the payment of $4,000, one half of which was payable to said member if he should become permanently disabled, and the other half to his legally designated beneficiary; that Mary O'Brien, the wife of Thomas J. O'Brien, was the legally designated beneficiary under the said certificate at the time it was issued; that on or about the 13th day of February, 1894, the said Mary O'Brien died, and that thereafter the said Thomas J. O'Brien married Agnes B. Sheridan, and that on or about the 11th day of January, 1897, he caused said benefit certificate to be changed, making Agnes B. O'Brien, his second wife, beneficiary thereunder; that on or about the 11th day of September, 1901, the said Agnes B. O'Brien died, leaving, her surviving, as her only issue and next of kin at law, an infant, one Gladys O'Brien, a daughter of the said Thomas J. O'Brien; that on or about the 13th day of January, 1902, the said Thomas J. O'Brien died intestate without having made any change in the said benefit certificate since the said Agnes B. O'Brien had been made beneficiary thereunder; that the said Thomas J. O'Brien left, him surviving, as his only heirs at law and next of kin, the following named persons: James A. O'Brien, a son over the age of 21 years; Emma C. O'Brien, a daughter, an infant over the age of 14 years; and the said Gladys O'Brien, a daughter, an infant under the age of 14 years—that the said Thomas J. O'Brien, at all times herein mentioned prior to and at the time of his death, was a member in good standing of the defendant; that no part of the said certificate has ever been paid, and that upon the death of the said Thomas J. O'Brien the defendant association was justly indebted upon said certificate, and is willing to pay the amount due to the person legally entitled to receive the same; that the plaintiff, as administrator of the estate of said Thomas J. O'Brien, claims the amount due on said benefit certificate should be paid to him for the benefit of the legal representatives and dependents of the said Thomas J. O'Brien; that the defendant refuses to pay the amount due to the plaintiff, claiming that under its constitution and laws said amount should be paid to the legal representatives and dependents of the said Agnes B. O'Brien, the deceased beneficiary; that the laws of the defendant as revised March, 1894, and in force January 11th, at the date of the change of the beneficiary, are as follows: "In the event of the death of one or more beneficiaries prior to the death of a member, and no change of beneficiary shall have been made as provided by the laws of the Legion, the share or shares to which said beneficiary or beneficiaries would have been entitled shall be paid to the legal representatives of the deceased member, to be distributed to his heirs at law according to the law of the state or commonwealth in which he resided." That the constitution and laws of the defendant as revised May, 1899, being the constitution and laws in force on the 13th day of January, 1902, provide, among other things, as follows: "In the event of the death of one or more beneficiaries prior to the death of the member, and no change of beneficiary shall have been made as provided by the laws of the Legion, the share or shares to which said beneficiary or beneficiaries would have been entitled shall be paid to the legal representative of the deceased beneficiary, to be distributed to his or her heirs at law according to the laws of the state or commonwealth in which he or she resided."

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, and LAUGHLIN, JJ.

Rufus C. Maltby, for plaintiff.
Edward Low, for defendant.

HATCH, J.  In organizations of this character, it is well settled that the certificate and its conditions, the constitution and by-laws furnish the contract from which the rights of the parties are to be determined.  People ex rel. Atty. Gen. v. Life & Reserve Ass'n, 150 N. Y. 94, 45 N. E. 8; Bird v. Mutual Union Ass'n, 30 App. Div. 346, 52 N. Y. Supp. 1044.  Ordinarily the sole right of the insured rests in the power to appoint a beneficiary, and if the person so appointed answers to that class of persons from which the beneficiary may be selected, and such beneficiary survive the insured, he or they become entitled to take.  The present association, however, recognizes an interest of the insured in the policy to the extent that upon proof of permanent disability he would become entitled to receive, for his own benefit, $2,000.  Aside from this provision, he has only the power of appointment of a beneficiary.  The interest of the latter is purely contingent.  Whoever he may be of the class from which he may be selected, the interest is at all times subject to his survivorship of the insured, and also subject to the exercise of the insured's right to change the beneficiary named.  Simon v. O'Brien, 87 Hun, 160, 33 N. Y. Supp. 815.

The by-law which is the subject of construction in this action is not repugnant to any provision of law governing the subject, either statutory or otherwise.  The statute provides that the certificate may provide for paying the amount secured thereby to its members, or to others dependent upon such members, or to the beneficiary designated by the member.  Three classes of persons are, therefore, entitled to take, but there is no provision in the statute that distribution of the funds secured to be paid shall be made among all of the members constituting a class.  On the contrary, it rests with the insured to designate whom of the class he will make beneficiary.  The by-law in question secures this right.  Mary O'Brien, the first wife, therefore, took nothing as beneficiary in the certificate, for two reasons:  She did not survive the insured, and she held her position at all times as beneficiary subject to the power of change by him.  When he remarried he had authority to designate the wife of such marriage as beneficiary, and she occupied precisely the same relation with respect to the fund to be paid as did the first wife during her lifetime.  She held such position upon precisely the same terms and conditions.  As she died prior to the insured, and as the latter thereafter made no designation of a beneficiary, as was within his power, the payment over of the fund by the association became governed exclusively by its by-laws then in force.  The only limitation upon the authority to adopt by-laws is that they shall be reasonable in character and within the power of the association to adopt.  Grossmayer v. Dist. No. 1, Benai Berith, 70 App. Div. 90, 74 N. Y. Supp. 1057.

The by-law which was in force at the time of the death of the first wife, where there has been an omission to designate a beneficiary after the one named had died, provided that the legal representative of the deceased member took the fund, to be distributed among his heirs at

law according to the law of the state or commonwealth in which he resided. The by-law which was in force at the time of the death of the insured changed this rule of payment by providing that the legal representative of the deceased beneficiary should be entitled to take, to be distributed to his or her heirs at law in like manner as in the former by-law. The last by-law related to the same subject-matter as the former. It is reasonable in its character, and was clearly within the authority of the association to adopt. No prior parties were in existence at the date of the death of the insured who had any vested interest in the fund, which for any reason would render the last by-law void as to them. Until the death of the insured, no persons had acquired any vested interest in this fund which could in any manner be enforced. The interests of the parties to share therein depended, therefore, upon the constitution and by-laws which were in existence at that time. By the provision of the by-law then in force, the legal representative of the deceased beneficiary became entitled to take the fund. Such representative, however, takes the fund solely for the purposes of distribution. Who the person may be that is ultimately entitled to take the fund, it is not necessary that we now determine. All that is involved in the present submission relates to the representative entitled at this time to take by virtue of the by-laws. Such person is the legal representative of the deceased beneficiary, who takes for purpose of distribution.

It follows that the defendant is entitled to judgment upon the submission. All concur.