(90 App. Div. 474.)

## BERG v. BADENSER UNDERSTUETZUNGS VEREIN VON ROCHESTER, N. Y.

(Supreme Court, Appellate Division, Fourth Department. January 26, 1904.)

1. BENEFICIAL ASSOCIATION—SICK BENEFITS—AMENDMENT OF BY-LAWS.

The constitution of a beneficial association provided that in case of sickness a member should receive $4 weekly for 6 months, and for the next 3 months $2, and for the following 3 months $1, whereupon the benefit should cease, but after 4 weeks the member might again report sick. This was amended to provide that $5 should be paid for 26 weeks' illness, and $2 for the next 13 weeks, and for the succeeding 13 weeks $1 weekly; that then the sick benefit should cease, and that at the expiration of this length of time a member might not again report himself sick for the same disease; also that, when a member should receive $300 in sick benefits, he should not be entitled to any more. The amendment was made at a time when no member could have paid in more than $58. Held, that the amendment was reasonable and within the power of the association, and that no vested right was impaired.

2. SAME—ESTOPPEL TO CONTEST.

A member of a beneficial association attended the society's meetings regularly, and knew of an amendment to the constitution increasing both dues and benefits, and for nine years acquiesced therein; presumably remaining a member for the purpose of receiving death benefits, which were also increased by the amendment. At the time of the amendment he had drawn the maximum amount thereby fixed for sick benefits, having contributed less than a sixth of such amount. His estate received largely increased death benefits under the amendment. Held, that both he and his administratrix were precluded from contesting the validity of the amendment respecting sick benefits, and fixing a maximum therefor.

Appeal from Monroe County Court.

Action by Andrew Berg against the Badenser Understuetzungs Verein von Rochester, N. Y., in which Fredericka Berg, on plaintiff's

death, was substituted as his administratrix. Judgment for plaintiff, and defendant appeals. Reversed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and STOVER, JJ.

Forsyth Bros., for appellant.

Herman W. Morris, for respondent.

STOVER, J. The action was originally brought by Andrew Berg, and upon his death his administratrix was substituted as plaintiff. Plaintiff's intestate was a member of defendant, a society formed for the purpose of rendering financial aid to sick members, and burial for deceased members. The constitution in force to June 1, 1893, provided that, in case of sickness, members should receive four dollars weekly for six months, "for the next three months two dollars, and for the following three months one dollar per week, whereupon the benefit shall cease. But after the expiration of four weeks he may again report sick." In May, 1893, the provision as to benefits was amended so as to read as follows:

"Sec. 2. The full amount of sick benefits, namely, five dollars, shall be paid for twenty-six weeks of illness, for the next thirteen weeks two dollars shall be paid weekly and for the next thirteen weeks one dollar weekly. Then the sick benefits shall cease, and at the expiration of this length of time a member may never again report himself ill for one and the same disease. * * * Also, when a member has received sick benefits (estimated from the time of his entrance into the organization to the day of his death or withdrawal from the organization) to the amount of three hundred dollars, he shall not be entitled to any further financial aid in case of illness."

This went into effect May 31, 1893. Plaintiff's intestate was sick from February 21, 1902, to June 7, 1902—about 15 weeks. It was admitted that plaintiff's intestate had during the years 1892 and 1893 received more than $300 for benefits. Plaintiff sued for $5 per week during his sickness, from February 21 to June 7, 1902.

The amendment which took effect May 31, 1893, was not an unreasonable one, and was within the power of the defendant to adopt. Having reference to the object of the association and the continuance of the fund, it would seem to be a wise provision, and one that none could complain of. Prior to the amendment of May, 1893, the entrance fee to members was, between the ages of 20 and 40, $5, and between 40 and 50 (10 years), $10, and the dues, 50 cents monthly. The society was formed in 1885, so that at the time of the amendment (May, 1893) no member could have paid, outside of the death benefits, which are not under contention here, more than $58; that is, $10 entrance fee, and monthly dues of 50 cents for 8 years. There is nothing unreasonable or inequitable in the amendment limiting the gross sum that any member might draw. That gross sum is so large that every member can receive a fair and full return for the sum paid in, and its limitation sufficient to prevent the depletion or destruction of the fund by one or a few members; and one who had already received many times the amount paid in could not complain that he had not received his fair proportion of benefits. Any member who had not received benefits had an opportunity, in case of sickness, to avail himself of the fund;

and one who was then in health, and had received more than $300, could not complain that he had not a fair share of the funds of the association. No vested right was impaired. It was within the power of the association to make any reasonable amendment to its constitution in furtherance of the objects of its organization, and we cannot say that the amendment made was not such an one.

Plaintiff seeks to recover $5 per week, being the increased sick benefits under the amendment of May 31, 1893. Her intestate, the original plaintiff, attended regularly the meetings of the society; knew of the amendment, and the increased dues and benefits thereby imposed and conferred; and for nine years had acquiesced. Other members have paid the increased dues, and he has remained a member presumably for the purpose of receiving the death benefits of the association, which are largely increased by the amended constitution. He seeks to recover all of the benefits of the amendment, and yet repudiate the obligation, the performance of which is necessary to enable the association to pay the benefits. This he cannot do. He had drawn at the time the amendment went into effect more than $300, and had contributed less than $50. His estate receives largely increased death benefits under the amendment. Neither has or had any cause for complaint that they have not received a fair share of the benefits of the association, nor any right to any further sum from its treasury.

The judgment should be reversed, with costs, and judgment ordered for defendant upon the merits. All concur; McLENNAN, P. J., on second ground only.