BRINEN *v.* SUPREME COUNCIL, CATHOLIC MUTUAL BENEFIT ASS'N.

BENEFICIAL ASSOCIATIONS—BENEFICIARIES—CHANGE—BY-LAWS—AMENDMENT.

> A certificate of membership in a mutual benefit society named the member's sister as beneficiary, and contained a clause limiting the member's right to change the beneficiary to such persons as the rules and regulations of the association should determine, and providing that the member should comply with the laws, rules, and regulations which might thereafter be enacted. During the life of the certificate, the constitution and by-laws were, under a provision of the constitution authorizing it, so amended as to exclude strangers and creditors of a member as beneficiaries. *Held*, that the member could not thereafter substitute a creditor and strangers as beneficiaries, though he might have done so prior to the amendment.

Error to Muskegon; Russell, J. Submitted January 6, 1905. (Docket No. 20.) Decided May 22, 1905.

Assumpsit by William Brinen against the Supreme Council of the Catholic Mutual Benefit Association upon a benefit certificate. There was judgment for plaintiff on a verdict directed by the court, and defendant brings error. Reversed.

Defendant, a mutual benefit association, is organized under a special act of the legislature of the State of New York, enacted in 1879, Laws 1879, chap. 496. Section 5 of the act provides:

" The object of this corporation shall be to improve the moral, mental and social condition of its members, and to educate them in integrity, sobriety and frugality, to endeavor to make them contented with their position in life, and to aid and assist members, or their families, in case of death."

Section 6 provides that said corporation may hold, manage and disburse a beneficiary fund for the relief of the members, and their families, of the branches and the grand councils under the jurisdiction of the corporation, under such regulations as may be adopted by said corporation.

Section 7 provides that such fund may be set apart—

" To be paid over to the families, heirs or representatives of deceased members, or such person or persons as such deceased members may, while living, have directed; and the collecting, management and disbursement of the same, as well as the person or persons to whom, and the manner and time in which the same shall be paid, on the death of a member, shall be regulated and controlled by the constitution, by-laws, rules and regulations of this corporation."

On December 26, 1899, a certificate of membership, with the right to participate in this fund to the amount of $2,000, was issued to one Terence Reilly. The beneficiary named in the certificate was "his sister, Bridget Reilly, or such person or persons as the rules and regulations of said association shall determine." The certificate contained the further condition that—

" The said member complies in the future with the laws, rules and regulations now governing the said association and fund, or that may hereafter be enacted by the supreme council to govern said association and fund; and in consideration of his right to participate in said beneficiary fund, the said member hereby promises and agrees to keep, perform and observe all the rules and regulations of said supreme council, or its several branches for the government of its members, or said fund, which may now be in force or hereafter adopted or enacted by said supreme council."

On March 9, 1903, the same day that Mr. Reilly died, he indorsed upon this certificate the following statement:

"I * * * do hereby surrender same and revoke my former direction as to payment of the beneficiary fund due at my death, and now authorize and direct such payment to be made to my sister, Ann Reilly, of Dublin, Ireland, $200; to my sister, Bridget Reilly, of Dublin, Ireland, $200; to my brother, Patrick Reilly, of New York City, $100.00, to William Brinen, Sr., of Muskegon, Michigan, $1500.00, as dependent and as trustee, as mentioned in my will of this date."

Mr. Brinen was a creditor of Mr. Reilly. Out of the $1,500 mentioned in this assignment, and also in the will, Mr. Brinen was to repay himself the money due him from Mr. Reilly (about $150; give $1,000 to one Kate Murphy, and $350 to one Leo Meade. Neither of these parties was in any wise related to or dependent upon Mr. Reilly. The constitution and by-laws of the association were amended in October, 1900, and limited the beneficiaries to the wife, his children, child by legal adoption, father, mother, brothers, sisters, blood relations, or persons dependent upon him for maintenance. This provision was in force at the time of the death of Mr. Reilly. Due proofs of death were furnished.

Defendant admits its liability, and is desirous of paying the amount to the party or parties legally entitled thereto. Plaintiff made a demand for the fund, with which the defendant refused to comply, and plaintiff brought this suit. The declaration contains three counts. The

first alleged the issue of a certificate to Terence Reilly, payable upon his death to such person or persons as said Terence Reilly might, while living, have directed, and that he directed by indorsement that $1,500 of said fund be paid to plaintiff. The second count is the same as the first, except that the direction was by his last will and testament. The third count alleged the beneficiaries of Reilly to be his sisters, Bridget and Ann, and that they had assigned their claim to the plaintiff to the extent of $1,500. The third count was abandoned upon the trial. When the plaintiff offered the certificate in evidence, objection was made to its admission because it varied from that set up in the declaration. The court then allowed an amendment to the declaration, permitting plaintiff to declare upon this particular certificate. The court below held that, when the certificate was issued, Mr. Reilly had a right to designate any person as his beneficiary, and that that right was not affected by the subsequent amendments of the constitution and by-laws, and directed a verdict for the plaintiff.

*Keena & Lightner,* for appellant.

*James E. Sullivan (Nims, Hoyt, Erwin, Sessions & Vanderwerp,* of counsel), for appellee.

GRANT, J. (*after stating the facts*). Whether the original charter and by-laws of the defendant in force at date of the certificate contemplated that members might designate strangers or creditors as beneficiaries, we find it unnecessary to determine. The amended declaration is based solely upon the certificate of membership, and upon that plaintiff's right of action depends. The deceased accepted a certificate naming his sister as beneficiary, and further limiting his right to thereafter name other beneficiaries " to such person or persons as the rules and regulations of said association shall determine," and further agreeing to comply with all the laws, rules, and regulations of the society thereafter to be enacted. The contract is

perfectly clear. It gave the defendant the authority to in the future limit the beneficiaries, should the member thereafter desire to change from his sister to other persons. Section 7 of the charter clearly confers upon the defendant the power to designate from time to time the person or persons to whom its benefit funds shall be paid. After the certificate was issued to the deceased the defendant amended its constitution and by-laws so as to exclude strangers and creditors of a member as beneficiaries of this fund. The amendment is reasonable and in accord with the benevolent spirit of the association. The contract, as shown by the certificate, charter, and by-laws, said to him: " If you wish at any time to change your beneficiary, it must be in accordance with the rules and regulations then in force." The right of the member to at any time thereafter nominate another beneficiary was not a vested right, and was subject to the reasonable action of the defendant association. It has been held that the right to amend the laws of such association is sometimes reserved by implication. 2 Joyce on Insurance, §§ 744, 748; *O'Brien* v. *Benevolent Legion*, 81 App. Div. 1; *Catholic Knights* v. *Kuhn*, 91 Tenn. 214; *Berg* v. *Badenser Understuetzungs Verein*, 90 App. Div. 474. But here it is expressly conferred by the contract of membership. The following authorities are in point: *Borgards* v. *Insurance Co.*, 79 Mich. 440; *Langnecker* v. *Grand Lodge, A. O. U. W.*, 111 Wis. 279 (55 L. R. A. 185); *Hall* v. *Accident Ass'n* (Neb.), 96 N. W. 170; *Ross* v. *Modern Brotherhood of America*, 120 Iowa, 692; *Richmond* v. *Supreme Lodge, O. M. P.*, 100 Mo. App. 8; *Wist* v. *Grand Lodge, A. O. U. W.*, 22 Or. 271; *Supreme Commandery, K. of G. R.* v. *Ainsworth*, 71 Ala. 436.

Judgment reversed, and new trial granted.

Moore, C. J., and McAlvay, Blair, and Hooker, JJ., concurred.