Div. 447, 90 N. Y. Supp. 818; Id., 182 N. Y. 567, 75 N. E. 1131. The judgment should be reversed.

Judgment and order reversed, and new trial granted; costs to abide the event. All concur.

LEWIN v. KOERNER BENEV. ASS'N.

(Supreme Court, Appellate Division, Fourth Department.   March 4, 1908.)

1. BENEFICIAL ASSOCIATIONS—BENEFITS — REDUCTION OF AMOUNT — AMENDMENT OF CONSTITUTION AND BY-LAWS.

Where the certificate of incorporation of defendant mutual benefit association declared that its object was to aid its members in case of sickness by means of contributions, as the by-laws may from time to time prescribe, it had the right to amend its constitution and by-laws by reducing the amount of sick benefits to be paid to a member, even though it cut off such member from receiving full benefits for an illness he was then undergoing, if the amendment was reasonably necessary to carry out the objects of the corporation and perpetuate its existence.

2. SAME—ACTIONS FOR BENEFITS—INSTRUCTIONS.

In an action to recover sick benefits from a mutual benefit association, where defendant during plaintiff's illness had amended its by-laws so as to reduce the amount of benefits plaintiff would have otherwise received, it was error to grant a requested charge that defendant could not amend its construction so as to devest plaintiff of a vested right, and that at the time plaintiff became sick he had a vested right to sick benefits, since it tended to give the jury the idea that defendant could not amend its by-laws so as to cut off plaintiff from receiving full benefits, irrespective of whether or not the amendment was reasonably necessary.

McLennan, P. J., dissenting.

Appeal from Erie County Court.

Action by Fritz Lewin against the Koerner Benevolent Association. From a judgment for plaintiff and an order denying a motion for a new trial, defendant appeals. Reversed, and new trial granted.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Ferdinand J. Bommer, for appellant.
Leo J. Donnelly, for respondent.

KRUSE, J.   The defendant is a domestic mutual benefit corporation.   Its object, as declared by its certificate of incorporation, " * * * shall be to aid its members in case of sickness and the families of deceased members of such society by means of contributions, as the by-laws of the society may from time to time prescribe. * * *"   The constitution provided for sick benefits and death benefits to its members, $200 upon the death of a member, and $50 upon the death of his wife.   The society was organized in 1873, and the plaintiff was one of the charter members.   The original constitution of the defendant provided for the payment of $3 a week to a member so long as he is sick.   In 1893 it was changed to $5 a week, until he received $150; then at the rate of

$3 a week until he had drawn $130, and, if his sickness still continued, $2 a week so long as he remained sick. In 1898 the constitution was again amended by reducing the above $2 weekly allowance to $1 a week, and on October 3, 1899, the constitution was finally amended by providing that, after a member had received the $150 and the $130 aid, he should have no further claim for sick benefits; but the sick member should be relieved from paying dues for balls and picnics.

The plaintiff became ill on July 27, 1894, and has remained so ever since. He drew sick benefits up to the 3d day of October, 1899, in all the sum of $751.10. If the last amendment to the constitution is valid, the plaintiff will have no further claim for his present sickness. For the purpose of prompt payment of the benefits, the defendant society accumulated a fund, which, in 1896 and 1897, amounted to about $6,400. In 1898 it decreased about $400, and in 1899 it decreased a further sum of about $400. At the time of the last amendment the defendant had a membership of 151, whose quarterly dues were at the rate of $1.25. Six members were then sick, and the proof tended to show that its sick benefit fund was steadily declining. We think, under the express provisions of the certificate of defendant's incorporation, it had the right to amend its constitution and by-laws by changing the amount of the sick benefit, if it was reasonably necessary to carry out its objects and perpetuate its existence. Berg v. Badenser Understuetzungs Verein, 90 App. Div. 474, 86 N. Y. Supp. 429. It was therein provided that the aid to sick members and the families of deceased members should be by means of contributions "as the by-laws of the society may from time to time prescribe." The same rule has recently been applied in cases less favorable to the right of so amending the constitution and by-laws of such associations than this case. Mock v. Supreme Council of the Royal Arcanum, 121 App. Div. 474, 106 N. Y. Supp. 155 (decided in the Second Department in October, 1907); Wright v. Knights of the Maccabees (Sup.) 106 N. Y. Supp. 1150, decided in the Third Department in November, 1907. The above cases were followed by us in Dowdall v. Supreme Council of C. M. B. A. (decided in January, 1908) 108 N. Y. Supp. 1130.

While the question of the reasonableness of this amendment was correctly submitted by the learned trial judge in his charge, the plaintiff's counsel was not content with the charge as made upon that subject. After the main charge, plaintiff's counsel asked the court to charge:

"I ask your honor to charge that the defendant could not pass an amendment to the constitution and by-laws which would divest the plaintiff of a vested right.

"The Court: If you want that in the case, I will give it to you. I so charge. (Counsel for defendant excepts.)"

Still not content, he further asked the court to charge as follows:

"I ask your honor to charge that at the time Mr. Lewin became sick he had vested right to sick benefits.

"The Court: At the time he became sick he did receive benefits and they were paid to him. Why do you put that in the case?

"Mr. Grass:  They cut him off.

"The Court:  I will charge as you request and give the defendant the exception."

We think the jury might well have received the impression from this charge that the defendant had no right to amend its constitution and by-laws, so as to cut off the plaintiff from receiving any further sick benefits for the sickness which he was then undergoing. That depended upon the question as to whether the amendment was reasonable.  If it was, the defendant had the right to amend its constitution and by-laws as it did.  If it was not a reasonable amendment, then it did not have such right.  But, as the charge was finally left, the jury may well have understood that the defendant had no such right, in any event.

For this error, the judgment should be reversed, and a new trial granted.

Judgment and order reversed and new trial ordered, with costs to appellant to abide event.  All concur, except McLENNAN, P. J., who dissents upon the ground that plaintiff's rights became fixed upon his becoming sick, and so could not be affected by amendment.