(93 Misc. Rep. 163)

FASO v. LA CERDESE COMMODORE VITO LA MANTIA SOCIETY.

(Supreme Court, Appellate Term, First Department. January 17, 1916.)

1. INSURANCE ☞719—BY-LAWS—AMENDMENT.
    The contract of a member of a mutual benefit association with the association, being made only through the by-laws, can give rise to no rights which cannot be divested by authorized amendment thereto.
    [Ed. Note.—For other cases, Insurance, Cent. Dig. § 1855; Dec. Dig. ☞719.]

2. INSURANCE ☞719—POWER TO SUSPEND PAYMENT OF BENEFITS.
    Where the certificate of incorporation of a mutual benefit insurance association provided that it was formed "for the purpose of voluntarily assisting the members * * * in case of sickness," etc., the association had implied power, when its funds were depleted, to suspend a by-law providing for sick benefits payable out of its funds.
    [Ed. Note.—For other cases, Insurance, Cent. Dig. § 1855; Dec. Dig. ☞719.]

3. APPEAL AND ERROR ☞837—CONSIDERATION OF IMPROPER TESTIMONY.
    Testimony elicited by a question which called for a conclusion, but incorporated in the record, cannot be disregarded on appeal.
    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3262–3272, 3274–3277, 3289; Dec. Dig. ☞837.]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Giuseppe Faso against the La Cerdese Commodore Vito La Mantia Society. From judgment for plaintiff for $110, defendant appeals. Judgment reversed, and new trial ordered.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Argued November term, 1915, before LEHMAN, BIJUR, and FINCH, JJ.

Francis Mezzatesta, of New York City, for appellant.
Guido J. Giudici, of New York City, for respondent.

LEHMAN, J.   The plaintiff has recovered a judgment for the sum of $110 for sick benefits which he claims are due him under the by-laws of the defendant corporation.   The complaint alleges that:

"Pursuant to the by-laws of the defendant corporation and upon the fulfillment by the plaintiff of the conditions required, to entitle him to the benefits of the relief fund a member in good standing is, in case of sickness, duly entitled to receive from the funds of said corporation the sum of $1 a day for the first three months," etc.

The answer denies this allegation of the complaint, and sets forth that the defendant has no funds which can be applied to the payment of plaintiff's claim, and that on the 10th day of October, 1914, and previous to the alleged sickness of the plaintiff, a resolution was unanimously carried that:

"Owing to the fact that the society had no funds in the treasury out of which claims for sick benefits could be paid that all such payments be suspended for a period of six months beginning on the 22d day of October, 1914."

At the trial it appeared that the plaintiff was, on October 12, 1914, a member in good standing of the defendant corporation, that he was operated on that day and remained in the hospital for seven weeks. It further appeared that either on October 10th or October 17th the society unanimously passed the resolution set forth in the answer. The plaintiff claims that this resolution impaired his vested rights under his contract with the defendant, while the defendant claims that the resolution was a valid exercise of its implied power to change its by-laws.   There is a sharp conflict of testimony as to whether the plaintiff was present at the meeting at which the resolution was adopted, and consented to the suspension of the payments of sick benefits.

The trial judge, in commenting on the evidence, seemed inclined to the view that it was quite immaterial whether or not the plaintiff was present at the meeting at which the resolution was carried, and that the only question is one of law, viz.:  Did the corporation have power by such resolution to amend the contract created by its by-laws? However, inasmuch as the evidence that the plaintiff acquiesced in the resolution is very far from conclusive, I think we should assume in spite of these comments that the trial justice decided all disputed questions of fact in favor of the plaintiff and found that the resolution suspending payments of sick benefits was passed on October 17th after the plaintiff was ill.

[1-3]  The right, if any, to the payment of sick benefits is created by the by-laws.   The particular by-law under which the plaintiff is now claiming does not appear in the record, but I think it was tacitly agreed that the complaint correctly sets forth the substance of the by-law.   It is to be noted that the complaint refers in this regard to a "relief fund," and alleges that a member is entitled to receive the sick

benefits from the "funds of the corporation." In construing this by-law two considerations must be kept in mind: First, that the contract is made only through the by-laws, and in so far as the by-laws may be amended it can give rise to no rights which cannot be divested by authorized amendment; second, that the defendant corporation is a benefit society, and its certificate of incorporation provides that it is formed "for the purpose of *voluntarily* assisting the members of the said corporation, in case of sickness," etc. It seems to me that a corporation which is authorized to give only voluntary assistance to its members must be held to have implied power to suspend a by-law providing for sick benefits payable out of its funds whenever its funds are depleted. See Lewin v. Koerner Benevolent Society, 125 App. Div. 91, 109 N. Y. Supp. 101.

In this case the court admitted testimony that the society has no money that could be applied to the payment of the sick benefit, and though the testimony was elicited by a question which called for a conclusion, yet since it is in the record it cannot be disregarded. At a new trial this point can be cleared up, and the by-law itself will doubtless be introduced, so that the court can pass upon its proper interpretation, both in this regard and also in regard to whether the existence of a fund is made a condition precedent to any claim for sick benefits.

Judgment should be reversed, and a new trial ordered, with $30 costs to appellant to abide the event.

BIJUR, J., concurs in result.