CORNELIUS F. TIERNEY, Individually and as Administrator, etc., of MARY E. TIERNEY, Deceased, Respondent, *v.* GEORGE W. PERKINS, as President of the CIGAR MAKERS' INTERNATIONAL UNION OF AMERICA, Appellant.

Third Department, November 10, 1920.

**Insurance — labor union — amendment of constitution relating to payment of death benefits — when amendment does not deprive member of vested rights — when husband of deceased member cannot sue as administrator for benefit of heirs at law.**

Although the constitution of a labor union at the time the plaintiff's intestate became a member thereof provided that if a member failed to designate by will or otherwise the person to whom her death benefit shall be paid, the same shall be paid to the heirs at law, the association had power to amend the constitution so as to provide that if no designation were made by a member, the benefits shall be paid to the widow of the deceased member, if there be no widow then to the minor children of the deceased member, and if there be no widow or minor children of the deceased member, then to any relatives of the deceased who at the time of his death were dependent for support in whole or in part upon such deceased member. Such amendment of the constitution did not affect the power of a member to select a beneficiary and hence did not deprive such member of any vested right.

It follows that where the court on a prior appeal has determined that the husband of a deceased member of such association is not a dependent relative entitled to receive the death benefits he has no standing to sue by amending his complaint so as to sue both individually and as his widow's administrator claiming to be entitled to recover on behalf of the heirs at law under the original terms of said constitution.

KILEY, J., dissents, with opinion; JOHN M. KELLOGG, P. J., dissents on opinion in former appeal.

APPEAL by the defendant, George W. Perkins, as president, etc., from a judgment of the County Court of Albany county in favor of the plaintiff, entered in the office of the clerk of the county of Albany on the 29th day of March, 1920, reversing upon the law and the facts a judgment of the City Court of Albany in favor of the plaintiff, and also reversing a judgment of said County Court for costs in favor of the defendant, heretofore entered in the office of the clerk of the county of Albany, and granting a new trial of the action in the City Court of Albany, with costs to the plaintiff to abide the event.

*Charles H. Mills* and *Borden H. Mills*, for the appellant.

*John J. McManus*, for the respondent.

H. T. KELLOGG, J.:

In August, 1894, Mary E. Tierney became a member of the Cigar Makers' International Union of America, of which the defendant in this action is now the president. Her dues to the association were regularly paid until December 16, 1914, when she died. She had then been continuously a member of the association in good standing for more than twenty years. It was provided by the constitution of the association that in case of the death of a member with a membership of fifteen consecutive years to her credit, the association would pay $50 for funeral expenses and $500 as a death benefit. At the time that Mary E. Tierney became a member of the association, and for many years thereafter, the death benefit was payable under the constitution to such persons as might be designated by the member. It was also provided therein that " in case any member shall fail to so designate, by will or otherwise, to whom said sum shall be paid, the sums above mentioned shall be paid to the heirs at law." In the year 1912 the constitution was amended to provide that if the member made no designation " such benefits shall be paid to the widow of such deceased member; if there be no widow then to the minor children of such deceased member, and if there be no widow or no minor children of such deceased member, then to any relatives of the deceased member who at the time of his death were dependent for support in whole or in part upon such deceased member." Mary E. Tierney never made a designation of a beneficiary. This action to recover the death benefit for her death was brought by the husband of Mary E. Tierney, who originally claimed to be entitled thereto as a dependent relative under the amendment to the constitution thus passed in the year 1912. It was held by this court in 178 Appellate Division, 391, that the husband was not a dependent relative, and a judgment in his favor was accordingly reversed. The husband thereafter procured an order amending his complaint, so that he now appears as a plaintiff in this action both individually and as administrator of the estate of

his wife, claiming a right of recovery on behalf of " the heirs at law " of Mary E. Tierney under the provisions of the constitution as they existed prior to the amendment. Since it has been decided that he has no standing as a dependent relative, it follows that in order now to succeed he must establish that the amendment of 1912 was illegal because unreasonable in character, so that the constitution in its original form still governs. It will be observed that the only alteration made in the constitution related to the class of persons who would take in the event that a member failed to make a designation. As the power of selection of a desired beneficiary by Mary E. Tierney was not in the least affected by the amendment, we think it self-evident that the amendment was reasonable, and that neither she nor any other person was deprived of a vested right thereby. The cases of *Grossmayer* v. *District No. 1, Benai Berith* (70 App. Div. 90) and *O'Brien* v. *Supreme Council* (81 id. 1) fully sustain this view. It is, therefore, unnecessary to consider the question raised whether the amendment to the complaint was properly granted, and the further question whether the present plaintiff represents the " heirs at law " who were made beneficiaries by the original constitution, for the plaintiff must otherwise fail in the action in so far as he seeks herein a recovery of the death benefit.

The judgment of the County Court is reversed, with costs, and the judgment of the City Court reinstated.

All concur, except KILEY, J., dissenting, with a memorandum; JOHN M. KELLOGG, P. J., dissents on the ground stated in his opinion in the former appeal (178 App. Div. 391, 395).

KILEY, J. (dissenting):

When plaintiff's intestate became a member of defendant, appellant herein, in August, 1894, article 11 of the constitution was in force, and provided, so far as pertinent here, as follows: " But in case any member shall fail to so designate [a beneficiary], by will or otherwise, to whom said sum shall be paid, the sums above mentioned *shall be paid to the heirs at law*." No effort or action was made or taken to change that article until 1912, eighteen years after the now deceased

member had joined said union or association. The rights claimed for here were vested, by lapse of time, under appellant's constitution, when the amendment relied upon was enacted. Appellant realized the danger manifest in that condition, and by the 7th paragraph of its answer affirmatively alleges: " That if the said article [article 11] as so pleaded was in full force and effect as referred to in paragraph ' Second ' of this defense, no claim in writing, verified by the claimant, to such beneficiary money was made by any person or persons who were or claimed to be, the designated beneficiary or beneficiaries of the said Mary E. Tierney, *or by the heirs or legal representatives* of a person or persons who were or claimed to be the designated beneficiary or beneficiaries of the said Mary E. Tierney, within one year after the death of the said Mary E. Tierney." While there is a tentative recognition of the soundness of plaintiff's claim, avoidance is sought on the ground of alleged absence of any alleged legal claim made thereunder. A claim was made by the husband within the year; he was her natural representative and later by proceedings duly had became legal as well as natural in his representative capacity. I do not understand such position is looked upon as sufficient to defeat the judgment obtained by the plaintiff. The question of the vested right being or not being destroyed by the alleged amendment is the paramount issue. I can find nowhere that the constitution provides that its amendments shall have retroactive effect, and in the absence of such provision such amendment is prospective. That plaintiff's intestate had a vested interest was recognized in the constitution, when the right was given to will away the rights she had in the union which had ripened into money value. Each case presents its own facts; but I think the majority of adjudication is in favor of protecting vested rights. This was a contractual relation and rights under it could not be limited or cut down by subsequent action, unless the contract provided it could be done in language unmistakable and at the same time understandable. Such reservation does not appear to have been entered in this contract. (*Beach* v. *Supreme Tent K. of M.*, 177 N. Y. 100; *Pfeifer* v. *Supreme Lodge B. S. B. Soc.*, 173 id. 418; *Bottjer* v. *Supreme Council*, 78 App. Div. 546.)

It will be recalled that this policy was worth $500 as it stood, without any other act on the part of the insured, except to pay dues, which was done, when the amendment is claimed to have destroyed this evidence of value. I cannot approve of such interpretation nor result.

The judgment should be affirmed, with costs.

Judgment of the County Court reversed, and judgment of the City Court affirmed, with costs in all courts.