᠂ CHRISTINE CLAUDY, Appellant, v. THE ROYAL LEAGUE, Appellant.

**Division Two, June 23, 1914.**

1. **FRATERNAL BENEFICIARY ASSOCIATION: Suicide Clause: Special Law.** The statutes concerning fraternal beneficiary associations being creative and regulatory of such associations and insurance by them, and being found in a separate article of the chapter concerning insurance, complete within itself and whose provisions are applicable to such associations as a class, are not inimical to the constitutional provisions concerning class legislation, and the section which exempts such associations from the provisions of the insurance laws of this State is not void as an attempt to confer a special grant or privilege on this class of corporations.

2. ————: **Vested Rights: Change in By-Laws.** No vested rights are conferred upon a member by a ˙certificate issued by a fraternal beneficiary association. The amount the member may recover, or whether he may recover at all, can be made

Claudy v. Royal League.

to depend upon conditions named in the contract, such as subsequent changes in the by-laws.

3. ————: ————: **Subject to Future Regulations: Suicide.** At the time the certificate was issued by defendant fraternal beneficiary association one of its by-laws provided that in case the member committed suicide his beneficiary should "receive only one-half of the face value of his benefit certificate." Afterwards this by-law *was amended so as to read that death by the member's own hand "shall forfeit all the rights and claims to the amount agreed to be paid on his death and specified in the benefit certificate of such member, and his beneficiary shall receive and be paid in lieu thereof such a proportion of the sum named in his benefit certificate as the total amount he has paid into the Widows' and Orphans' Fund bears to the amount he would have paid had he lived out his entire life expectancy at his age of entering." The certificate declared: "If accepted as a member, I agree to comply with and that my membership and all interests of the persons entitled to such benefits shall be subject to all the laws, rules and regulations now in force in the order or which may hereafter be adopted by it." Another provision of the certificate recited that "the member expressly agrees to comply with all the rules and regulations now governing or that may hereafter be enacted" by the properly constituted authority of said association; and the plaintiff's husband accepted the conditions by signing his name to this acceptance: "I accept this certificate on the condition therein named." *Held*, that the association had a right to change the by-law, and that the member had no vested right in the $2000 named in the certificate as the amount of his insurance in case he did not commit suicide, nor to one-half of its face value in case he took his own life, but the subsequent change in the by-law fixing the amount his beneficiary should receive, in case of his suicide, at a proportionate part of the named fund, was valid, and all she could recover was that proportionate part. [Distinguishing Pearson v. Knight Templars, 114 Mo. App. 283, and Richmond v. Supreme Lodge, 100 Mo. App. 8.]

4. ————: **Constitution and By-Laws Part of Contract: Subsequent Change.** The constitution and by-laws of a fraternal beneficiary association are an integral part of the contract of insurance issued by it and accepted by the member, and are to be read into it, and· neither the member nor the beneficiary has any vested interest in the certificate; and, therefore, in the absence of such vested interest, it is permissible for the association and the member to contract in advance that the terms of the certificate may be subsequently changed, provided the change is reasonable.

5. ———: ———: **Reasonable Change in By-Law.** Where the certificate provided that in case the member committed suicide his beneficiary should be paid one-half of the maximum amount of insurance named therein, and also provided, as a condition of the contract, that the amount to be paid should be subject to future changes in the by-laws, a subsequent change in the by-law, by which, in case of the member's suicide, his beneficiary was to be paid "such a proportion of the sum named in his benefit certificate as the total amount which he has paid into the Widows' and Orphans' Benefit Fund bears to the amount he would have paid had he lived out his entire life expectancy at his age of entering," is reasonable, since it is in consonance with the purposes of the association, and in proper regard for the rights of other members.

Appeal from St. Louis City Circuit Court.—*Hon. C. C. Allen*, Judge.

REVERSED AND REMANDED (*with directions*).

*Warren D. Isenberg* and *F. H. Bacon* for plaintiff-appellant.

(1) The contract sued on in this case is a policy of insurance upon life. State v. Merchants Exchange, 72 Mo. 146; Toomey v. Knights of Pythias, 147 Mo. 129; Kern v. Supreme Council, 167 Mo. 471; Smail v. Court of Honor, 136 Mo. App. 434; National Union v. Marlow, 74 Fed. 775. (2) The contract being a policy of insurance on life, the suicide statute of this State applies. Logan v. Fidelity Co., 146 Mo. 115; Aloe v. Life Ass'n, 164 Mo. 675; Toomey v. Supreme Lodge, 147 Mo. 139; Trenton v. Humel, 134 Mo. App. 595; Herzberg v. Brotherhood, 110 Mo. App. 328; Wilson v. Benefit Ass'n, 125 Mo. App. 597; Westerman v. Supreme Lodge, 196 Mo. 670; Head Camp v. Schloss, 112 Pac. 49. (3) The Act of 1897 exempting fraternal beneficiary societies from the general insurance laws of the State, and particularly from R. S. 1899, sec. 7896, was unconstitutional, being in violation of paragraph 26 of Sec. 53, art. 4, of the Constitution, because it split life insurance contracts issued by mutual

life insurance organizations into two classes and arbitrarily applied one rule to one class and another rule to another class, enacting different rules for the government of each. There was no reason for this arbitrary classification and no reason of public policy growing out of the condition of the business of each class requiring the application of different rules. Ordelheide v. Modern Brotherhood, 158 Mo. App. 677; State ex rel. v. Vandiver, 213 Mo. 187; Armstrong v. Modern Brotherhood, 245 Mo. 153; State v. Julow, 129 Mo. 154; State ex rel. v. Railroad, 246 Mo. 512; Williams v. Donough, 65 Ohio St. 499. (4) The enactment by the defendant, after the Claudy policy was issued, of an amendment of the original by-law, intended as a substitute for it, operated as a repeal or abandonment of the original by-law. Smith v. State, 14 Mo. 147; Schrick v. Building Co., 34 Mo. 423; State ex rel. v. Shields, 230 Mo. 91; State ex rel. v. Brode, 161 Mo. App. 538; Insurance Co. v. Anthony, 68 Mo. App. 424; Maccabees v. Altmann, 134 Mo. App. 371. (5) The amendments of the suicide by-law pleaded in defendant's answer were invalid as to Claudy because they operated as a reduction of the amount promised to be paid in event of death and could not therefore affect the contract of Claudy without his express consent. The society has no power to inject a new condition into the contract. Mathews v. Modern Woodmen, 236 Mo. 326; Hysinger v. Supreme Lodge, 42 Mo. App. 635; Smith v. Supreme Lodge, 83 Mo. App. 512; Grand Lodge v. Sater, 46 Mo. App. 452; Indemnity Co. v. Jarman, 44 C. C. A. 93, 104 Fed. 638; Lewine v. Supreme Lodge, 122 Mo. App. 547; Zimmermann v. Sup. Tent, 122 Mo. App. 591; Morton v. Supreme Council, 100 Mo. App. 76; Smail v. Court of Honor, 136 Mo. App. 434; Wilcox v. Court of Honor, 134 Mo. App. 547; Sisson v. Court of Honor, 104 Mo. App. 283; Pearson v. Knights Templar, 114 Mo. App. 283; Kavanaugh v. Supreme Council, 158 Mo. App. 234;

Edwards v. American Patriots, 162 Mo. App. 231; Young v. Railroad, 126 Mo. App. 325; Weber v. Supreme Tent, 172 N. Y. 490; Dowdall v. Supreme Council, 196 N. Y. 405; Wright v. Knights of Maccabees, 196 N. Y. 391; Green v. Supreme Council, 206 N. Y. 591; Newhall v. Legion of Honor, 181 Mass. 111; Olson v. Court of Honor, 100 Minn. 117; Grant v. Independent Order, 97 Miss. 182; Sautter v. Supreme Conclave, 96 N. J. L. 763; Carnes v. I. T. M. A., 106 Iowa, 281; Pokrefky v. Detroit, etc., Ass'n, 121 Mich. 456; Hobbs v. Benefit Ass'n, 82 Iowa, 107.

*George W. Miller* and *R. P. & C. B. Williams,* for defendant-appellant.

(1)   The Royal League is not an insurance company, but is a fraternal beneficiary association, organized under the laws of the State of Illinois, authorized to do business in this State, and is by statute exempt from the operation of the insurance laws of this State and is exempt from the suicide statute applying to insurance companies.   Westerman v. Supreme Lodge, 196 Mo. 738; Tice v. Supreme Lodge, 204 Mo. 349; Scorr v. Royal League, 223 Ill. 32; Cavanaugh v. Royal League, 158 Mo. App. 234.   (2)   There is no law or public policy prohibiting a member of a benefit society from contracting in advance that future laws may be passed by societies changing and modifying the indemnity in the original certificate, and if such stipulation is made, the by-law will be enforced.   Shipman v. Home Circle, 174 N. Y. 398; Richmond v. Supreme Lodge, 100 Mo. App. 8; Morton v. Royal Tribe, 93 Mo. App. 78; Lewine v. Supreme Lodge, 122 Mo. App. 547; Westerman v. Supreme Lodge, 196 Mo. 738; Ellerbe v. Faust, 119 Mo. 653.   (3)   The certificate, application, and by-laws of a mutual benefit society constitute the contract with the member and all must be read together in order to see all the terms and con-

ditions of the contract. Westerman v. Supreme Lodge, 196 Mo. 738; Richmond v. Supreme Lodge, 100 Mo. App. 8; Slater v. Supreme Lodge, 76 Mo. App. 387; Laker v. Royal Union, 95 Mo. App. 353; Shipman v. Home Circle, 174 N. Y. 398. (4) A by-law restricting and entirely excluding liability for death by suicide is reasonable. Tice v. Supreme Lodge, 204 Mo. 349; Morton v. Royal Tribe, 93 Mo. App. 78; Supreme Commandery v. Ainsworth, 71 Ala. 436; Fraternal Union v. Ziegler, 145 Ala. 286; Knights of Pythias v. Kirtchmar, 179 Ill. 341; Scow v. Royal League, 223 Ill. 342; Knights of Maccabees v. Hammers, 81 Ill. App. 560; Knights of Maccabees v. Steinland, 206 Ill. 124; Knights of Maccabees v. Nelson, 77 Kan. 629; Daugherty v. Knights of Pythias, 48 La. Ann. 1203;, Dorns v. Knights of Pythias, 75 Miss. 466; Lang v. Royal Highlanders, 75 Neb. 188; Shipman v. Protected Home Circle, 174 N. Y. 398; Tiesch v. Protected Home Circle, 72 Ohio St. 233; Chambers v. Knights of Maccabees, 200 Pa. St. 244; Knights of Pythias v. Lamalta, 95 Tenn. 157; Eversburg v. Knights of Maccabees, 33 Tex. Civ. App. 549; Hughes v. Wisconsin Odd Fellows, 98 Wis. 292. (5) There is no vested interest in a benefit certificate issued by a fraternal beneficiary association, and therefore its subsequent by-laws changing the contract or reducing its obligations does not disturb any vested rights. Westerman v. Supreme Lodge, 196 Mo. 737; Masonic Benefit Assn. v. Bunch, 109 Mo. 560; Wells v. Mutual Benefit Assn., 126 Mo. 630; Richmond v. Supreme Lodge, 100 Mo. App. 8; Morton v. Royal Tribe, 93 Mo. App. 78; Shipman v. Home Circle, 174 N. Y. 368; Casualty Co. v. Kucer, 169 Mo. 314; Grand Lodge v. McFadden, 213 Mo. 284; Hofman v. Grand Lodge, 73 Mo. App. 47; Grand Lodge v. Reman, 75 Mo. App. 402; Golden Star Fraternity v. Martin, 59 N. J. L. 207; Ables v. Ackley, 133 Mo. App. 603. (6) The Act of 1897 providing for

the creation of fraternal beneficiary associations, authorizing the issuance of benefit certificates and exempting such certificates and associations from the operation of the insurance laws of this State is the creation of a class authorized by the Constitution and is not repugnant to paragraph 26 of section 53, article 4, of the Constitution. State v. Bishop, 128 Mo. 385; State ex rel. v. Herman, 75 Mo. 340; State ex rel. v. Tolle, 71 Mo. 645; Lynch v. Murphy, 119 Mo. 163; Haynie v. Knight Templars, 139 Mo. 416; Association v. Waddell, 138 Mo. 628; Fidelity Casualty v. Freeman, 109 Fed. 849; 1 Lewis's Sutherland Stat. Construction (2 Ed.), sec. 221; Fire Ins. Co. v. Whittaker, 112 Tenn. 151; Spencer v. Court of Honor, 120 Minn. 422; People v. Life Ins. Co., 247 Ill. 92; Ins. Co. v. Clay, 197 Fed. 435; Mut. Life Assn. v. Mettler, 185 U. S. 308; Heath & Millegan v. Worst, 207 U. S. 338; Lumber Co. v. Bank, 207 U. S. 251. (7) Where the member either in the application or certificate, agrees to be bound by after-enacted by-laws or the obligation of the society to pay is made subject to or liable to forfeiture, if the member shall not comply with laws, rules and regulations that may be subsequently adopted, as well as those in force at the time he joined, such after-enacted by-laws are valid and binding. Westerman v. Supreme Lodge, 196 Mo. 738; Ellerbe v. Faust, 119 Mo. 653; Shrick v. St. Louis Mut. Co., 34 Mo. 423; Allen v. Life Ins. Co., 8 Mo. App. 52; State ex rel. v. Grand Lodge, 70 Mo. App. 456; Richmond v. Supreme Lodge, 100 Mo. App. 8; Morton v. Royal Tribe, 93 Mo. App. 78; Supreme Com. v. Ainsworth, 71 Ala. 436; Fraternal Union v. Zeigler, 145 Ala. 287; Grand Lodge v. Burns, 84 Conn. 356; Masonic Benefit Assn. v. Severson, 71 Conn. 719; Gilmore v. Knights of Columbus, 77 Conn. 58; Bowie v. Grand Lodge, 99 Cal. 392; Stohr v. Musical Society, 82 Cal. 557; Brown v. Knights, 43 Colo. 286; Union Frat. League v. Johnson, 124 Ga. 902; Supreme Tent

v. Hammers, 81 Ill. App. 560; Supreme Lodge v. Krut-scher, 179 Ill. 340; Supreme Lodge v. Trebbe, 179 Ill. 348; Scow v. Royal League, 223 Ill.. 32; Supreme Tent v. Steinhous, 206 Ill. 124; Royal Arcanum v. McKnight, 238 Ill. 349; Baldwin v. Bigley, 185 Ill. 180.

WALKER, P. J.—There are cross appeals in this case.

Plaintiff brought suit in the circuit court of the city of St. Louis against defendant, a fraternal bene-ficiary association, on a. benefit certificate of life in-surance of $2000, issued by defendant on the life of the husband of plaintiff who, several years subsequent to the issuance of the certificate died by his own hand. The defendant was incorporated under the laws of the State of Illinois as a fraternal beneficiary association, and at the time of the issuance of the certificate here-in and at all times intervening between that date and the death of the husband of the plaintiff, it was au-thorized to do busines in this State, under article 9 of chapter 61, Revised Statutes 1909, entitled, "Fra-ternal Beneficiary Associations."

At the time of the issuance of the benefit certifi-cate the following by-law of the association was in force, to-wit: "If any member, whether admitted heretofore or hereafter, shall die by his own hand, sane or insane, his beneficiary or beneficiaries shall receive only one-half of the face value of his benefit certificate."

Subsequently this by-law was changed several times and at the time of the death of the member in this case the following was in force: "No member, whether admitted heretofore or hereafter, shall die by his own act or hand, sane or insane, and if any mem-ber, whether admitted heretofore or hereafter, shall die by his own act or hand, sane or insane, such death shall forfeit all the rights and claims to the amount agreed to be paid on his death and specified in the

benefit certificate of such member, and his beneficiary or beneficiaries shall receive and be paid in lieu thereof, such a proportion of the sum named in his benefit certificate as the total amount which he has paid into the Widows' and Orphans' Benefit Fund bears to the amount he would have paid had he lived out his entire life expectancy at his age of entering.''

Following this is a table of life expectancy, from which the amount is to be calculated due a member subject to the foregoing conditions.

The benefit certificate contains the following condition: ''Upon condition that the said member complies in future with the laws, rules and regulations now governing the said council and fund, or that may hereafter be enacted by the Supreme Council and to govern said council and fund, all of which are also made a part of said contract. These conditions being expressly assented to and complied with, the Supreme Council of the Royal League hereby promises and binds itself to pay out of its Widows' and Orphans' Fund to Christine Claudy, wife, a sum not exceeding two thousand dollars in accordance with and under the provisions of the laws governing such fund.''

The certificate of which this condition was a part was issued and delivered to the member, and thereon was endorsed the following: ''I accept this certificate on the condition therein named. Christian Claudy.''

The petition after admitting the corporate character of defendant as a fraternal beneficiary association, and its authority to do business in this State at all of the times mentioned, contains the formal allegations requisite to state a cause of action in a proceeding based upon a certificate of this character, and asks judgment for the full amount of same, to-wit, $2000.

The answer among other things pleads the condition under which the certificate was issued, the acceptance of same by the member, that he thereafter

died by his own hand, the by-law of the society in force in regard to the forfeiture of rights of a member who thus died, and that under such by-law his beneficiary is entitled to the sum of $764.39, which has been tendered her and refused, and that the defendant now tenders and is ready and willing to pay same.

Plaintiff filed a motion for a judgment on the pleadings, the material parts of which motion are as follows:

"First: The amendment of the original by-law in force at the time Christian Claudy became a member of defendant corporation operated as a repeal of such original by-law, and said amended by-law was inoperative so far as the contract of said Christian Claudy with defendant was concerned, being an after-enacted by-law;

"Second: The fact that Christian Claudy committed suicide is irrelevant to any issue in this case, and the fact of suicide constitutes no defense to plaintiff's cause of action, because said defendant is subject to the statute of this State providing that in suits on life insurance policies, suicide shall be no defense unless it is shown that the deceased contemplated suicide at the time he took out the policy, and in said answer it not being alleged that the deceased contemplated suicide when the policy or certificate sued on was issued, and because the Act of 1897, exempting fraternal beneficiary societies from the insurance laws of this State, and particularly the suicide statute, is in violation of the constitutional provision of this State which forbids the Legislature from passing any law granting to any corporation, association or individual any special or exclusive right, privilege, or immunity."

The trial court sustained the foregoing motion in part, and rendered judgment in favor of plaintiff in the sum of one thousand dollars, basing same on the

by-law of the society in force at the time of the issuance of the certificate.

Plaintiff appealed therefrom on the ground that judgment should have been rendered in her favor for $2000, the full amount of the benefit certificate.

Defendant appealed on the ground that judgment should have been rendered in plaintiff's favor for only $764.39, the amount found to be due on the certificate under the by-law of the society in force at the time of the death of the member, calculated upon the table of expectancy forming a part of said by-law.

The regularity of the proceeding is in no wise questioned, and the only point made by either party is as to the extent of defendant's liability.

Plaintiff's contentions specifically stated are (1) that the Act of 1897, now section 7109, Revised Statutes 1909, is void in so far as it attempts to exempt fraternal beneficiary associations from the general insurance laws of the State as being in violation of that provision of the State Constitution which prohibits the granting to any corporation, association or individual any special or exclusive right, privilege or immunity (Par. 26, sec. 53, art. 4, Constitution of Missouri) —the special grant or privilege complained of being the exemption, under said statute, of associations of the character of the defendant, from the general provisions of the insurance law in regard to liability on account of deaths of the insured from suicide; (2) that the by-law in force at the time of the issuance of the benefit certificate herein, having been repealed and the enactment of subsequent by-laws being invalid, there is no by-law in existence exempting the association from liability in the event of the suicide of a member—the contention as to the invalidity of the subsequently enacted by-laws being that they interfere with the vested rights of members and beneficiaries and thereby violate the obligations of contracts.

I. The corporate character of the defendant is admitted by the plaintiff to be that of "a fraternal beneficiary corporation organized under the laws of the State of Illinois, and duly authorized and licensed to do business in the State of Missouri as such." An analysis, therefore, of the defendant's articles of association is not necessary, as it was in Westerman v. Supreme Lodge, 196 Mo. 670, to enable it to be determined whether the business done by defendant was old-line or fraternal beneficiary insurance.

*Fraternal Beneficiary Associations: Exemption from Insurance Laws: Special Privilege and Class Legislation.*

Plaintiff contends, however, that the statute (Art. 9, chap. 61, supra) which classifies corporations of the character of the defendant as "fraternal beneficiary associations" and provides among other things that they shall be exempt from the provisions of the insurance laws of this State, is void as attempting to confer a special grant or privilege on this class of corporations. The burden of plaintiff's complaint is, in other words, that the statute under review is a local or special law.

The insurance statutes of this State are subdivided into articles, each by their terms applicable to certain classes of companies or associations. If, upon examination, these articles are found to be complete in themselves and they apply to the companies or associations therein designated as a class, then they are not inimical to the organic law as special legislation. We find that the article (Art. 9, chap. 61) under consideration is creative and regulatory of fraternal beneficiary associations, that it is complete in itself and applicable to the associations named as a class; this being true it may well be the subject of particular legislation without violating the Constitution prohibiting the granting of special privileges to corporations.

In State ex inf. v. Aetna Ins. Co., 150 Mo. 113, the provision of the Constitution here in question was

under review as applicable to fire insurance companies, and it was held that a statute particularly applicable to this class of corporations was not objectionable as a special law, because it had reference to such insurance companies as a distinctive class, and was equally applicable to all of that class, that the class was a natural one which the Legislature was authorized to create. So in the case at bar, the statute under which the defendant was authorized to do business, and under which it transacted same, while pertaining to a designated class of insurance companies, is general in its terms in regard to that class, and hence not subject to objection as to its constitutional validity.

The statute in question has been held valid in Tice v. Supreme Lodge, 204 Mo. 349, in which the court, in construing a benefit certificate containing a clause limiting liability in the event of suicide, similar to the one in the case at bar, held that at the date of the issuance of the beneficiary certificate the defendant was exempted under the statute from the provisions of the general insurance law (Sec. 6945, supra) in regard to suicide and, therefore, the plaintiff was not entitled to recovery.

In Schmidt v. Supreme Lodge Foresters, 228 Mo. 675, a like rule was announced, and the Tice case, supra, was approvingly cited, but it was held in the Schmidt case, because the defendant had not complied with the law authorizing it to do business in this State as a foreign fraternal beneficiary association, that it could not plead the statute otherwise applicable to its class.

In Armstrong v. Modern Brotherhood, 245 Mo. 153, the dividing line between fraternal beneficiary associations and old-line insurance companies was clearly defined, and, while the question as to the constitutionality of the statute was not discussed, the validity of the same was impliedly, at least, sustained.

In discussing the constitutionality of statutes of the character of the one under consideration, this court announced the general rule in State v. Webber, 214 Mo. 272, to be that where such statutes are uniform in their operation upon the classes included therein that the classification made by the statute cannot be construed as arbitrary or the law special.

The Westerman case, supra, may not inappropriately be held to sustain the conclusion we have reached here in regard to the validity of the statute (Sec. 7109, R. S. 1909) ; in that case the vexed question was as to whether the non-forfeitable statute, now section 6946, Revised Statutes 1909, as it appears in the article in regard to life and accident insurance, was applicable to a benefit certificate issued by a fraternal beneficiary association; the court held that it was not, because of the provisions of what is now section 7109, Revised Statutes 1909, the same statute which we are now considering, which provides that the class of associations therein named are exempt from the provisions of the general insurance law of this State. If exempt from the non-forfeitable clause of the general insurance law, by parity of reasoning they are also exempt from the provisions of the general statute in regard to suicide.

We find in the cases referred to that the statute has been considered from almost every point of view except that of its direct constitutionality; this, in our opinion, has also been determined in the cases cited, if not, in the absence of precedents, the strong current of reasoning is in favor of its validity and we so hold.

II. Although the statute is, as we hold, not violative of the Constitution, and, therefore, the certificate issued therein is valid, we are confronted with the further contention on the part of the plaintiff that the by-laws limiting the right of recovery in the event of suicide, under which the certificate was issued, were

**Fraternal Beneficiary Association: Vested Rights of Members: Change in By-Laws Affecting Suicide.** changed after the issuance of the certificate, in violation of the member's contract rights, and that as a consequence such amended by-law in force at the time of the member's death was inoperative so far as the beneficiary's right of recovery was concerned.

It is well established that no vested rights are conferred by a certificate of the character of the one under consideration. [Grand Lodge v. McFadden, 213 Mo. 269, 284, and cases; Westerman v. Supreme Lodge, 196 Mo. l. c. 738.]

At the time of the application of the member for the certificate, in compliance with one of the conditions of its issuance under the laws of the association, he made the following declaration: "If accepted as a member, I agree to comply with and that my membership and all interests of the persons entitled to such benefits shall be subject to all the laws, rules and regulations now in force in the order or which may hereafter be adopted by it."

In addition to the foregoing, one of the recitals of the certificate, set forth in full in the statement, is that the member expressly agrees to comply with all of the rules and regulations then governing or that might thereafter be enacted by the properly constituted authority of said association. Not only was the certificate issued under this condition, but it was accepted by the member in this language: "I accept this certificate on the condition named therein. Christian Claudy." The certificate issued and accepted under the above conditions provides if same are complied with that the association "promises and binds itself" not to pay a fixed amount but "a sum not exceeding $2000 in accordance with and under the provisions of the law governing said fund."

This contract, therefore, contemplated that the association might change its by-laws, rules and regula-

tions so as to affect the amount of insurance to be paid, especially in the event of the member's death by suicide, and the member agreed to be bound by such changes.

While it has repeatedly been held by our courts of appeals that a contract of insurance made with a fraternal beneficiary association cannot be materially modified or changed so as to affect the amount of insurance to be paid the beneficiary in the event of the death of the member (Pearson v. Knight Templars, etc., Co., 114 Mo. App. 283, 288, and other cases), it will be found upon an examination of this class of cases that the amount contracted to be paid was in each instance a fixed and definite sum and that the member did not, as in the case at bar, apply for the certificate on the condition that it was subject to changes, or expressly assent to changes thereafter made, as was the case in Richmond v. Supreme Lodge, 100 Mo. App. 8, which is not foreign in its facts to those in the case at bar, and announces the rule as to the right of a beneficiary association, under the conditions therein stated, to change its by-laws subsequent to the issuance of certificates—which rule we are of the opinion may properly be invoked in this case for the following reasons: the constitution and by-laws of a fraternal beneficiary association are an integral part of the contract of insurance created by the issuance and acceptance of the certificate and should be read into same in construing it; neither the member nor the beneficiary has any vested interest in said certificate; in the absence of such vested interest it is permissible for the association and the member to contract in advance that the terms of the certificate may be changed, provided such change is reasonable, and (as was said by BLAND, J., in the Richmond case, supra) "is in harmony with the benevolent purpose for which the association was formed."

Taking into consideration the general character of the association in question and the particular purpose for which it was created, namely, by co-operation without profit to provide a fund to be paid to those named as beneficiaries upon the death of the member, the changes here made are not unreasonable, especially in regard to suicides. Although it was provided in the by-laws at the time the certificate in question was issued that if a member died by his own hand, his beneficiaries should receive one-half of the face value of his benefit certificate, the presumption is not reasonable that it was contemplated in the organization of the association that it should provide a fund primarily to be paid to the beneficiaries of suicides; as an evidence that this was not the purpose, the by-laws were from time to time changed in this regard, until, at the time of the member's death, the by-law in force provided that the beneficiary or beneficiaries of members so dying should be paid in lieu of one-half of the maximum amount agreed upon in the certificate, such proportion of said sum as the total amount such member had paid into the Widows' and Orphans' Benefit Fund bore to the amount he would have paid had he lived out his entire life expectancy at the age of his entering, calculated upon the table therein agreed upon. It cannot be contended that the last amended by-law is not more reasonable and more in consonance with the purpose of the association than the first; not only is the last more reasonable, but, with a proper regard for the rights of the other members it is just and fair to the beneficiaries of members who die by their own hands, and is calculated in thus frugally conserving the entire beneficiary fund to better effectuate the purpose for which the association was created. No contractual relation between the member or the beneficiary and the association having been violated by the change in the by-laws and the same being reasonable and for the best interests of the association, we hold that its

action in this regard should be sustained, and so holding it follows that the judgment below should be reversed and remanded, and the trial court directed to enter up judgment in favor of plaintiff in the sum of $764.39, the amount found to be due upon the basis of calculation fixed by the by-law in force at the time of the death of the member, and it is so ordered. *Brown, J.,* concurs; *Faris, J.,* not sitting.