WILLIAM C. RICHMOND, Appellant, v. SUPREME
LODGE ORDER OF MUTUAL PROTECTION
et al., Respondents.

St. Louis Court of Appeals, January 20, 1903.

1. **Parties: ORDER TO INTERPLEAD: MOTION FOR REHEAR-
ING, NOT IN TIME: MUTUAL BENEFIT INSURANCE: PRAC-
TICE, TRIAL.** Three days after finding against plaintiff in a suit
against a mutual benefit insurance association, an order to inter-
plead was made, and he filed a motion for new trial, in which he
failed to complain of the order, and only complained in another
motion for new trial filed ten days after the first. *Held*, that the
propriety of the order can not be reviewed.

2. **Mutual Benefit Insurance: ALTERATION OF BENEFIT CER-
TIFICATE: SUBSEQUENT BY-LAW.** A mutual benefit certifi-
cate provided that on the death of the insured, the association
would pay to his beneficiary the amount of one assessment, not
exceeding $2,000, if the insured had complied with the charter,
constitution, by-laws, etc. It also provided that the express con-
dition upon which it was issued was that the beneficiary's rights
should be determined by the charter, constitution, laws, rules and
regulations of the order in force at the time the sum thereunder
was payable. Afterward the association adopted a by-law pro-
viding that a sum equal to one-fourth of the certificate must be
paid by the member in assessments, failing which the deficit would
be deducted from the face value of the certificate. *Held*, that, as
the certificate contemplated the modification of the parties' rights
by subsequent by-laws, the change was within the power of the
association, though the insured's consent was not obtained.

Appeal from St. Louis Circuit Court.—*Hon. S. P.
Spencer,* Judge.

AFFIRMED.

STATEMENT.

Respondent, The Supreme Lodge Order of Mutual
Protection, is a fraternal beneficial association incor-
porated under the laws of Missouri. It does business
on the lodge plan.

Franciska Richmond was a member of Lodge No. 20, located in the city of St. Louis. She first became a member of the association August 18, 1888, and received a beneficial certificate insuring her life for a sum not to exceed $2,000. Subsequently she married the appellant, and on March 28, 1892, surrendered her certificate and received a new one in which appellant was named as beneficiary. On July 11, 1901, she died. At the time of her death her certificate was in full force, and she was in good standing with the association and had paid all the dues and assessments against her. The suit is to recover the amount of the certificate.

The respondent filed an answer in which it pleaded certain by-laws that, if enforced, reduced the amount due on the certificate to $1,816.80. It also pleaded that Augusta W. Delano, executrix of Rufus J. Delano, claimed the fund, setting out at length the merits and nature of the claim and asked that she be made a party to the suit, offering to pay the amount found to be due on the certificate into court and asking the court to require the appellant and Augusta Delano, executrix of Rufus J. Delano, to interplead for the fund.

A demurrer to this portion of the answer was filed and by the court overruled; whereupon the plaintiff and respondent submitted the issue as to the amount due on the certificate to the court upon the following agreed statement of facts:

"It is stipulated and agreed between the plaintiff and defendant for all purposes of litigation arising out of a certificate issued at the request of Franciska Richmond to her for the benefit of her husband, William Richmond, dated March 28, 1892, as to the following facts: That this certificate was a reissue of one formerly issued to her by the defendant on the 22nd day of August, 1888; that the application filed of the lastly-mentioned date was the one signed by her at the time the first certificate named was issued to her; that section 164, clauses 2 and 3, of the by-laws of the defendant,

were adopted by it after the 28th day of March, 1892, and were the by-laws of the defendant at the time of the death of Franciska Richmond; that the number of the members of the defendant were so numerous that an assessment, according to the by-laws, would exceed $2,000 in the event that the order should be required to pay such sum at the time of her death; that the said deceased, Franciska Richmond, had paid into the order as assessments since August 22, 1888, to the date of her death the sum of $316.80; should defendant, as it claims, be entitled to retain the difference to make up the twenty-five per cent of the $2,000, according to the by-laws of the order, at the death of Franciska Richmond, then the court will find that the amount tendered into court by its amended answer is the sum of $1,816.80, and the correct sum owed on the benefit certificate recited in plaintiff's petition, otherwise the amount owed is $2,000. All by-laws of the order in existence at the date of the death of Franciska Richmond, her application, certificate and charter and by-laws are as follows: . . .

"The only part of the application referred to by the parties in this agreed statement of facts made by the deceased, dated on the 18th day of August, 1888, which the parties deem necessary in this suit, is as follows:

" 'That the express conditions upon which my beneficiary or beneficiaries herein named shall be entitled to participate in the widows' and orphans' protection fund are that every statement made by me in regard to my qualifications for admission into the order are true and that I have heretofore and shall continue to comply in good faith with the charter, constitution and by-laws of the order as now in force or as may hereafter be enacted.' This was signed by deceased.

"The benefit certificate issued by the defendant made payable to the plaintiff referred to in this agreed statement of facts and referred to in plaintiff's petition,

and filed as an exhibit thereto, is in words and figures as follows, to-wit:

" 'Organized under the laws of the State of Missouri.

" 'Supreme Lodge Order of Mutual Protection:

" 'This certificate issued by the Supreme Lodge Order of Mutual Protection, witnesseth: that Franciska Richmond (formerly Kaysing) of St. Louis, Missouri, has been accepted as a member of the Order of Mutual Protection upon the faith of the representations contained in her application to the order and medical examination, and that the supreme lodge will, upon her death, provided she has, while a member, complied with the charter, constitution, laws, rules and regulations of the order, pay from the widows' and orphans' fund the amount of one assessment not to exceed, however, the sum of two thousand dollars to her husband, William Richmond, unless this certificate should be by her revoked.

" 'The express condition upon which this certificate is issued is that the rights of the above-named beneficiary or beneficiaries shall be determined by the charter, constitution, laws, rules and regulations of the order in force at the time that the sum due hereunder is payable.

" 'In witness whereof the Supreme Lodge Order of Mutual Protection has caused this certificate to be signed by the supreme president and its seal to be hereto affixed and attested by the supreme secretary.

" 'Accepted as a beneficiary member on March 28, 1892.

" 'Reissued. Original dated August 22, 1888.'

"The parts of the by-laws which the plaintiff and this defendant have agreed are necessary to a determination of this case are as follows:

" 'Sec. 138. *Members to have control of.*—A contributing member to the widows' and orphans' protection fund shall have full control of his interest therein

so long as he shall remain a member thereof, and he shall be entitled to draw upon the same in case of his total permanent disability, as hereinafter provided, notwithstanding the designation by him of some other person, or persons, to receive said benefit in case of his death.

" 'Sec. 164. All beneficiary members of the order, regardless of the date of their benefit certificate or date of their enrollment as such members, shall pay into the widows' and orphans' protection fund in assessments, in the manner provided by law, at least twenty-five per cent of the amount named in their benefit certificates, before their beneficiaries or legal representatives shall be entitled to receive the death benefit; provided, that in the case of the death of a member before he had paid in asssssments into the widows' and orphans' protection fund the full amount of the said twenty-five per cent, then there shall be deducted from the amount called for by his benefit certificate a sum equal to the unpaid portion of the said twenty-five per cent, and his beneficiary or beneficiaries shall receive the amount called for by the benefit certificate less the amount so deducted, and no more.

" 'Whenever a claim is paid by the order on account of the death of a member, who had not paid in assessments the required twenty-five per cent of the amount of his certificate, the difference between the sum paid to the beneficiary and the amount of the benefit certificate cancelled shall at once be withdrawn from the widows' and orphans' protection fund and placed in the reserve fund.

" 'Sec. 67. The rights of a member, as well as the rights of his beneficiary, or beneficiaries, shall be determined by the constitution and by-laws in force at the time a claim is made by him, or them, though the laws existing at the time such a claim is made may be in conflict with the laws in force at the time such member was enrolled as a beneficiary member.

" 'Sec. 176.   *Authority to Draw from the Reserve Fund.*—The reserve fund shall not be drawn upon unless it shall appear at any time that the amount contributed by the members to the W. O. P. fund is not sufficient to meet the liability of said fund on account of the death or total disability of the members, nor then, unless the supreme lodge in session, or its executive committee between meetings, shall have authorized the action.   It shall not, however, be in the power of the supreme lodge, or of the executive committee, to authorize the withdrawal of a greater sum from the reserve fund than is necessary to meet the actual existing liability.

" 'Sec. 190.   Benefit certificates shall be issued by the supreme secretary and shall be executed by the supreme president and the supreme secretary, under the seal of the supreme lodge.

" 'Sec. 191.   Each certificate shall be made payable for the benefit of such member or members of the applicant's family, or such person or persons dependent upon him, as he may designate by name.

" 'Sec. 192.   Should a member die without designating a beneficiary, or should his designation prove to be an unlawful one, then the claimants for the benefit shall be recognized in the following order and no other: (1) wife or husband; (2) children; (3) mother; (4) father, and (5) brothers and sisters.

" 'Sec. 193.   Each application for a benefit certificate shall be accompanied by one dollar, and each application for a reissue by fifty cents.

" 'Sec. 194.   The surrender of a benefit certificate shall be in writing bearing the signature of the member. Each member shall be entitled upon the surrender of his benefit certificate and upon payment of fee, and not otherwise, to have a new benefit certificate issued.   The surrender of his benefit certificate shall be waived, provided he furnish proof satisfactory to the supreme secretary that the same has been lost or destroyed. Should

it happen that two certificates have been or may hereafter be issued to, and are or may be hereafter outstanding in the name of a member, the one last issued shall alone be in force.'

"All of these by-laws were in full force from and after September 8, 1897, and at the time of the death of Franciska Richmond, and at the time proper notice and proof of her death were made to the order, and when said certificate became due and payable, which was on or about the first day of August, 1901."

On this agreed statement of facts the court made the following finding:

"Now at this day cause being submitted to the court on petition of plaintiff, amended answer of defendant Supreme Lodge Order Mutual Protection, answer of Delano, executor, and agreed statement of facts, and the court having heard the same and considered thereof and being duly advised, doth find that said defendant, the Supreme Lodge Order Mutual Protection, owes on its benefit certificate, recited in said petition and said amended answer, the sum of $1,816.80, and the court doth order and direct said defendant, the said Supreme Lodge Order of Mutual Protection, to pay into court to the credit of this cause said sum of eighteen hundred and sixteen dollars and eighty cents due on said policy as aforesaid, and that upon payment of said sum into court as aforesaid, said defendant be discharged from duty or obligation on account thereof, and that plaintiff and defendant Delano, executrix, do interplead for the same.

"It is further ordered that the demurrer to the answer of Delano, hereinbefore filed and submitted, be overruled. Memorandum filed."

This finding was made April 21, 1902. Mrs. Delano, as executrix, voluntarily appeared and filed her answer, claiming the fund, setting out *in extenso* the facts upon which she made the claim. On April 24,

1902, appellant filed his motion for a new trial in which he assigned the following grounds therefor:

"First. Because the by-laws relied upon by the defendant to reduce the amount from $2,000 to $1,816.80 were passed long after the certificate was issued to the deceased and under which the plaintiff acquired his rights.

"Second. Because if the defendant could by any subsequent by-law, passed after the issuance of the certificate, reduce the amount of its liability twenty-five per cent, it might wipe out its entire liability.

"Third. Because the finding is against the facts and law as submitted to the court; its finding ought to be for $2,000 instead of $1,816.80."

On May 2, 1902, the following order (omitting caption) was made by the court:

"Comes now the defendant, the Supreme Lodge of the Order of Mutual Protection, and pays into court the sum of $1,816.80 as requested by and in compliance with the order. heretofore entered, whereupon it is ordered that said defendant be discharged from further liability on account of the same, and it is further ordered that Andrew Mackay, Jr., attorney of said supreme lodge, be allowed for services $100, to be paid out of the fund aforesaid."

On the following day appellant filed the following motion (omitting caption):

"Now at this day comes the plaintiff in the above entitled cause and moves the court to set aside the orders heretofore granted and made in favor of the defendant, in ordering the plaintiff to interplead in said cause, and permitting defendant to pay into court only the amount of $1,816.80; and allowing its attorney, Mr. Mackay, out of said fund the sum of one hundred dollars, and discharging it from further appearing in said cause for the following reasons, to-wit, and to grant a new hearing:

"First. Because said orders are not supported by

the facts as they appear in the answer of said defendant and the agreed statement of facts submitted to the court prior to making said orders.

"Second. Because said orders are contrary to law and equity, and the facts as they appear in the pleadings and records of the court.

"Third. Because said court ought not to have made the orders to interplead and to pay said money, $1,816.80, because said amount was disputed to be the correct amount, nor discharged the said defendant and allowed its attorney $100 out of said fund."

Both motions were overruled. Plaintiff appealed.

*McKeay & Cummings* for appellant.

(1) This suit was instituted by William Richmond, the husband of the deceased Franciska Richmond, against the respondent, upon its certificate, as set out in agreed statement of facts. It is an action at law. It was error in the court to order that the executrix of Delano be made a party without the consent of appellant. Boyer v. Hamilton, 21 Mo. App. 520; Kortjohn v. Seimers, 29 Mo. App. 271; Browning v. Hilig, 69 Mo. App. 594. (2) The pretext of a conflicting claim is not enough to show that the respondent was in danger of loss from an inability to determine to whom the debt in question should be paid. Railroad v. Arthur, 90 N. Y. 234; Grand Chute v. Winegar, 15 Wall. (U. S.) 373; Lewis v. Cocks, 23 Wall. (U. S.) 466; Killian v. Ebbinghaus, 110 U. S. 568. (3) Because respondent does not admit that it owes the amount sued for in its answer, it states its own account and strikes its own balance, thus showing that it is not a mere stakeholder of a fixed sum, but it has an adverse claim by which it seeks to lessen its liability to Richmond, appellant. It seeks to retain part of the fund which, by its certificate, it promised to pay under by-laws passed subsequently to the issuance of the certificate sued on. Hysinger v. Sup. Lodge, 42 Mo. App. 636; Grand Lodge v. Sater,

44 Mo. App. 445; Cross v. M. & C. R. N. Co., 96 Ala. 447; Smith v. Grand Lodge, 83 Mo. App. 512.

*Kortjohn & Kortjohn* and *Frank B. Ruhr* for respondent.

(1) An interpleading suit involves two successive litigations, one between the plaintiff (in the bill) and the defendants upon the question whether the defendants shall interplead; the other, between the different defendants, i. e., the interpleading itself. The subjects of these two litigations are wholly separate and distinct, and, therefore, they require separate allegations and separate proofs. Rosselle v. Farmers Bank, 119 Mo. 92. (2) There is nothing for review in this court except the amount due under the certificate. The motion for new trial must set out all objections made by the party intending to appeal. Nor can the motion be amended nor can a supplemental motion be filed. Brown v. Mays, 80 Mo. App. 81; State ex rel. v. Bank, 144 Mo. 381; State v. Grant, 152 Mo. 57; Bank v. Bennett, 138 Mo. 500.

*Andrew Mackay, Jr.,* also for respondent.

(1) The appellant, in the motion for a new trial, does not direct the attention of the trial court to the errors—if such were made—in permitting the society to pay the funds into court, and requiring the rival claimants to interplead therefor; he, therefore, can not complain of the action of the court, in this appeal. R. S. 1899, sec. 640; Stone v. Wolfskill Bro., 59 Mo. App. 441; Vanstone v. Goodwin, 42 Mo. App. 39; Green v. Nat. Reserve Ass'n, 79 Mo. App. 179. (2) And the motion for a new trial can not be amended after expiration of four days, nor can an amendment or supplemental motion be made. Bank v. Bennett, 138 Mo. 494; Mirrielees v. Railroad, 163 Mo. 470; Hecht v. Heimann, 81 Mo. App. 370. (3) The order of the trial court, in

taxing an attorney fee to be paid out of the funds, was a legal and proper one. Franco v. American B. & L. Assn., 56 Mo. App. 433; Glazer v. Priest, 29 Mo. App. 1; Christian v. Life Ins. Co., 62 Mo. App. 35; Sternberg v. Levy, 159 Mo. 617.

BLAND, P. J.—1.    By the third clause of his motion filed the third day of May, appellant sought to bring before this court for review, the order of the court making Augusta Delano a party to the suit and ordering her and plaintiff to interplead for the fund. The order to interplead was made April 21st. In his first motion for a new trial, filed April 24th, the error in making the order to interplead (if error it was) was not called to the attention of the court. The motion for new trial filed on May 3d, by which the attention of the court was first called to the alleged error in making the order to interplead, comes too late: hence, the propriety of the order is not before us for review. State ex rel. v. Farmers' & Merchants' Nat. Bank, 144 Mo. 381; Bank v. Bennett, 138 Mo. loc. cit. 500; Brown v. Mays, 80 Mo. App. (K. C.) 81. There is nothing before the court for review except the amount found to be due by the court on the certificate of insurance and the propriety of the allowance of a fee of one hundred dollars to respondent's attorney.

2.    The certificate of insurance provides that upon the death of the insured the association will pay to the beneficiary the amount of one assessment, not exceeding two thousand dollars if the insured as a member has complied with the charter, constitution, rules and regulations of the order. The concluding clause of the certificate is as follows:

"The express condition upon which this certificate is issued is that the rights of the above named beneficiary or beneficiaries shall be determined by the charter, constitution, laws, rules and regulations of the order in force at the time that the sum due hereunder is payable."

Section 164, adopted after the certificate of insurance has been issued, provides, in substance, that a sum equal to one-fourth of the amount of his certificate shall be paid by the member in assessments; that if he should die before paying said amount, the deficit will be deducted from the face value of the policy and be credited to the widows' and orphans' protection fund. In other words, to entitle a beneficiary to the face value of the certificate of insurance, the insured must have paid to the order in assessments a sum equal to one-fourth of the face value of the certificate. This by-law makes a material change in the terms of the certificate as issued, and the change is to the detriment of the beneficiary.

The question presented by the appeal is, was it within the power of the association to make this change without the express consent of the insured, of which there is no evidence? The constitution and by-laws of a mutual benefit association constitute a part of the contract of insurance with its members and must be read into their certificates in order to see all the terms and conditions of the contract. Slater v. Supreme Lodge K. and L. H., 76 Mo. App. (St. L.) 387; Laker v. Royal Fraternal Union, 95 Mo. App. (St. L.) 353. Neither the insured nor the beneficiary have a vested interest in a certificate of insurance issued by a mutual benefit association during the lifetime of the insured. There being no vested interest in any one in the certificate, it was competent for the association and the insured to contract in advance that the terms of the contract might be changed as to the amount to become due by a by-law to be passed in the future. The certificate sued on expressly provides that such a change might be made. Section 164 is not harsh or unreasonable; it is in harmony with the benevolent purpose for which the association was formed and was adopted, presumably, to more fully effectuate the benign purpose of the order, and should be upheld by the courts, as it violated no contractual relation between the assured and the beneficiary and

is for the benefit of the order.   State ex rel. v. Grand Lodge A. O. U. W., 78 Mo. App. (K. C.) 546; Brower v. Supreme Lodge Nat. Reserve Assn., 74 Mo. App. (K. C.) 490.

3.  No question was raised by the appellant as to the right of the court to allow an attorney's fee in a case like this, nor is the fee allowed Andrew Mackay, Jr., attorney for respondent, claimed to be unreasonable.

Discovering no reversible error in the record, the judgment is affirmed.   All concur; *Goode, J.,* on the ground that the order for an interpleading was rightly made.