HANNAH DESSAUER, Respondent, v. SUPREME TENT OF THE KNIGHTS OF MACCABEES OF THE WORLD, Appellant.

**St. Louis Court of Appeals.   Argued and Submitted April. 9, 1915. Opinion Filed May 4, 1915.**

1. **PLEADING: Motion for Judgment: Scope.** A motion for judgment on the pleadings and a stipulation admits all facts well pleaded, as well as those covered by the stipulation.

2. **FRATERNAL BENEFICIARY ASSOCIATIONS: Change of By-Laws: Effect on Prior Certificates.** Where a death benefit certificate issued by a fraternal beneficiary association provided for payment of the benefit if the member had complied with, and that the rights of the beneficiary should be governed by, the laws of the order then in force *or thereafter adopted*, a by-law subsequently adopted, which declared that no benefit should be paid on the death of a member committing suicide, but that the beneficiary should receive twice the amount contributed to the life benefit fund by the member, precluded a recovery for the death of a member who committed suicide, although he had been a member for more than five years and the by-laws in force when the certificate was issued provided for payment of the benefit in case a member committed suicide five years or more after the date of the certificate. [NORTONI, J., dissents.]

Appeal from St. Louis City Circuit Court.—*Hon. J. Hugo Grimm*, Judge.

REVERSED AND REMANDED (*with directions*). CERTIFIED TO SUPREME COURT.

*D. D. Aitken* and *R. P. & C. B. Williams* for appellant.

(1)   The defendant is a co-operative society founded upon the mutual relations of its members, one to the other. The relationship of the members is twofold—that is, as individuals they are the insured, and collectively they are the insurers. Korn v. Mutual Assurance Society, 3 L. Ed. 6 Cranch, 195; Haydell v.

Dessauer v. Maccabees of the World.

Mutual Reserve Fund Life Association, 98 Fed. 204; Supreme Commandery v. Ainsworth, 71 Ala. 451; Fullenweider v. Royal League, 73 Ill. App. 335; Miller v. National Council, 69 Kan. 240; Mutual Reserve Fund Life Association v. Taylor, 99 Va. 219; Reynolds v. Royal Arcanum, 192 Mass. 155; Hall v. Western Travelers' Accident Association, 69 Neb. 601; Wright v. Minnesota Mutual Life Insurance Company, 48 L. Ed. 193 U. S. 832; Barrows v. Mutual Fund Life Association, 151 Fed. 461; Westerman v. Supreme Lodge, 196 Mo. 670. (2) The defendant is not an insurance company, but is a fraternal beneficiary association, organized under the laws of the State of Michigan, authorized to do business in this State, and is by statute exempt from the operation of the insurance laws of this State and is exempt from the suicide statute applying to insurance companies. Westerman v. Supreme Lodge, 196 Mo. 738; Tice v. Supreme Lodge, 204 Mo. 349; Scorr v. Royal League, 223 Ill. 32; Cavanaugh v. Royal League, 158 Mo. App. 234. (3) There is no law or public policy prohibiting a member of a benefit society from contracting in advance that future laws may be passed by societies changing and modifying the indemnity in the original certificate, and if such stipulation is made, the by-law will be enforced. Shipman v. Protected Home Circle, 174 N. Y. 398; Richmond v. Supreme Lodge, 100 Mo. App. 8; Morton v. Royal Tribe, 93 Mo. App. 78; Lewine v. Supreme Lodge, 122 Mo. App. 547; Westerman v. Supreme Lodge, 196 Mo. 738; Ellerbe v. Faust, 119 Mo. 653. (4) The certificate, application, and by-laws of a mutual benefit society constitute the contract with the member, and all must be read together in order to see all the terms and conditions of the contract. Westerman v. Supreme Lodge, 196 Mo. 738; Richmond v. Supreme Lodge, 100 Mo. App. 8; Slater v. Supreme Lodge, 76 Mo. App. 387; Laker v. Royal Union, 95 Mo. App. 353; Shipman v. Protected Home Circle, 174 N. Y. 398. (5) A by-law

restricting and entirely excluding liability for death by suicide is reasonable. The following are suicide cases and sustain this doctrine: Tice v. Supreme Lodge, 204 Mo. 349; Morton v. Royal Tribe, 93 Mo. App. 78; Supreme Commandery v. Ainsworth, 71 Ala. 436; Fraternal Union v. Ziegler, 145 Ala. 286; Knights of Pythias v. Kirtchmar, 179 Ill. 341; Knights of Pythias v. Trebbe, 179 Ill. 348; Scow v. Royal League, 223 Ill. 342; Knights of Maccabees v. Hammers, 81 Ill. App. 560; Knights of Maccabees v. Steinland, 206 Ill. 124; Knights of Maccabees v. Nelson, 77 Kan. 629; Daugherty v. Knights of Pythias, 48 La. Ann. 1203; Dorns v. Knights of Pythias, 75 Miss. 466; Lang v. Royal Highlanders, 75 Neb. 188; Shipman v. Protected Home Circle, 174 N. Y. 398; Tiesch v. Protected Home Circle, 72 O. St. 233; Chambers v. Knights of Maccabees, 200 Pa. 244; Knights of Pythias v. Lamalta, 95 Tenn. 157; Eversburg v. Knights of Maccabees, 33 Tex. Civ. App. 549; Hughes v. Wisconsin Odd Fellows, 98 Wis. 292; Tice v. Supreme Lodge, 123 Mo. App. 85. (6) There is no vested interest in a benefit certificate issued by a fraternal beneficiary association, and therefore its subsequent by-laws changing the contract or reducing its obligations does not disturb any vested rights. Westerman v. Supreme Lodge, 196 Mo. 737.; Masonic Benefit Association v. Bunch, 109 Mo. 560; Wells v. Mutual Benefit Association, 126 Mo. 630; Richmond v. Supreme Lodge, 100 Mo. App. 8; Morton v. Royal Tribe, 93 Mo. App. 78; Shipman v. Protected Home Circle, 174 N. Y. 368; Casualty Co. v. Kucer, 169 Mo. 314; Grand Lodge v. McFadden, 213 Mo. 284; Hofman v. Grand Lodge, 73 Mo. App. 47; Grand Lodge v. Reman, 75 Mo. App. 402; 1 Bacon Benefit Societies, sec. 291a; Golden Star Fraternity v. Martin, 59 N. J. L. 207; Ables v. Ackley, 133 Mo. App. 603. (7) The defendant has the inherent power to adopt, modify, add to and amend by-laws. This is a power possessed by all corporations. 1 Thompson

on Corporations (1 Ed.), sec. 955; 1 Bacon on Benefit
Societies (3 Ed.), sec. 79; Niblack on Benefit Societies,
sec. 16, p. 30; Schrick v. St. Louis Mut. Co., 34 Mo.
423; Allen v. Life Assn., 8 Mo. App. 52; State ex rel.
v. Grand Lodge, 70 Mo. App. 456; Supreme Com. v.
Ainsworth, 71 Ala. 445; Supreme Lodge v. Knight,
117 Ind. 489; Angel & Ames on Corporations, sec. 325;
Boisot on By-Laws, sec. 6. (8) Where the member
either in the application or certificate, agrees to be
bound by after-enacted by-laws or the obligation of
the society to pay is made subject to or liable to for-
feiture, if the member shall not comply with laws, rules
and regulations that may be subsequently adopted, as
well as those in force at the time he joined, such after-
enacted by-laws are valid and binding. Westerman v.
Supreme Lodge, 196 Mo. 738; Ellerbe v. Faust, 119
Mo. 653; Schrick v. St. Louis Mut. Co., 34 Mo. 423;
Allen v. Life Ins. Co., 8 Mo. App. 52; State ex rel. v.
Grand Lodge, 70 Mo. App. 456; Richmond v. Supreme
Lodge, 100 Mo. App. 8; Morton v. Royal Tribe, 93 Mo.
App. 78; Supreme Com. v. Ainsworth, 71 Ala. 436, 46
A. R. 532; Fraternal Union v. Zeigler, 145 Ala. 287;
Grand Lodge v. Burns, 84 Conn. 356; Masonic Benefit
Assn. v. Severson, 71 Conn. 719; Gilmore v. Knights
of Columbus, 77 Conn. 58; Bowie v. Grand Lodge, 99
Cal. 392; Stohr v. Musical Society, 82 Cal. 557; Brown
v. Knights, 43 Colo. 286; Union Frat. League v. John-
son, 124 Ga. 902; Supreme Tent v. Hammers, 81 Ill.
App. 560; Supreme Lodge v. Krutscher, 179 Ill. 340,
70 A. S. R. 120; Supreme Lodge v. Trebbe, 179 Ill.
348, 70 A. S. R. 120; Scow v. Royal League, 223 Ill.
32, 79 N. E. 42; Supreme Tent v. Steinhous, 206 Ill.
124, 68 N. E. 1090; Royal Arcanum v. McKnight, 238
Ill. 349, 87 N. E. 299; Baldwin v. Bigley, 185 Ill. 180;
Throrell v. Supreme Ct. Honor, 115 Ill. App. 313;
Murphy v. Norwolk, 223 Ill. 301; Garrity v. Order of
Foresters, 148 Ill. App. 189; Ross v. Brotherhood,
120 Iowa, 696; Norton v. Order of Foresters, 138 Iowa,

464, 24 L. R. A. (U. S.) 1030; Ury v. Modern Brotherhood, 149 Iowa, 709; Supreme Lodge v. Knight, 77 Kan. 629; Supreme Tent v. Nelson, 77 Kan. 629; Daugherty v. K. of P., 48 La. Ann. (part 11) 1203; Reynolds v. Royal Arcanum, 192 Mass. 150, 7 L. R. A. (U. S.) 1154; Paine v. Society, 172 Mass. 321, 52 N. E. 502; Mathieu v. Mathieu, 112 Md. 625; Borgards v. Ins. Co., 79 Mich. 440; Brinnell v. Supreme Council, 140 Mich. 220; Monger v. New Era Ass'n, 156 Mich. 645; Brown v. Great Camp, 167 Mich. 123; Supreme Lodge v. Stein, 75 Miss. 106; Dornes v. Supreme Lodge, 75 Miss. 466; Farmers' Ins. Co. v. Kinney, 64 Neb. 808; Lang v. Royal Highlanders, 75 Neb. 188, 10 L. R. A. (U. S.) 666; Briggs v. Royal Highlanders, 84 Neb. 834; Supreme Council v. Adams, 68 N. H. 236; State ex rel. v. Camden Lodge, 73 N. J. L. 500; Shipman v. Home Circle, 174 N. Y. 398; Hutchinson v. Supreme Tent, 68 Hun, 355; Green v. Insurance Co., 139 N. C. 309; Tisch v. Protected Home Circle, 72 Ohio St. 233; Chambers v. Supreme Tent, 200 Pa. St. 244; Supreme Lodge v. La Malta, 95 Tenn. 157; West v. Grand Lodge, 14 Tex. Civ. App. 471; Eversberg v. Supreme Tent, 3 Tex. Civ. App. 549; Fugure v. Mutual Society, 46 Vt. 362; Plunkett v. Supreme Conclave, 107 Va. 643; Schmidt v. Supreme Tent, 97 Wis. 528; Hughes v. Wisconsin Odd Fellows, 98 Wis. 292; Laeffler v. Modern Woodmen, 100 Wis. 79; Langnicker v. A. O. U. W., 111 Wis. 279; Wright v. Mut. Life Ass'n, 193 U. S. 657; Korn v. Mutual Society, 3 L. Ed. (6 Cranch.) 195; Barrows v. Mut. Reserve, 151 Fed. 461; Order of Commercial Travelers v. Smith, 192 Fed. 102; Supreme Lodge v. Light, 195 Fed. 903; Lloyd v. Knights of Pythias, 98 Fed. 66. The following is a list of authorities by States passing on after-enacted suicide by-laws, as well as by-laws on kindred subjects, wherein the same principle is involved: Alabama—Supreme Commandery v. Ainsworth, 71 Ala. 436; suicide by-law; sustained; Fraternal Union of America v. Zeigler, 145

Ala. 287, 39 So. 751; suicide by-law; sustained. California—Stohr v. Musical Fund Society, 82 Cal. 557; sick and disability benefits by-law; sustained; Bowie v. Grand Lodge, 99 Cal. 392; endowment installments modified; sustained; Schmierer v. Mut. Reserve Fund Life Assn., 153 Cal. 208; rates increase; sustained; Caldwell v. Grand Lodge, 148 Cal. 195; classification of beneficiaries; sustained. Colorado—Brown v. Knights of Protected Ark, 43 Colo. 289, 96 Pac. 450; forfeiture provision; nonpayment of assessments; sustained. Connecticut—Masonic Mut. Benefit Ass'n v. Severson, 71 Conn. 719; eligibility of beneficiaries; sustained; Gilmore v. Knights of Columbus, 77 Conn. 58; prohibited occupation sustained; Grand Lodge, Etc., v. Burns, 80 Atl. 157; prohibited occupation; liquor business; sustained. Georgia—Union Fraternal League of Boston v. Johnston, 124 Ga. 902; creating remedies and tribunals within the order sustained. Illinois—Supreme Tent K. O. T. M. v. Hammers, 81 Ill. App. 560; suicide by-law; sustained; Supreme Lodge K. of P. v. Kutscher, 179 Ill. 340; suicide by-law; sustained; Supreme Lodge K. of P. v. Trebbe, 179 Ill. 348; suicide by-law; sustained; Baldwin v. Begley, 185 Ill. 180; eligibility of beneficaries; sustained; Theorell v. Supreme Court of Honor, 115 Ill. App. 313; disability by-law; sustained; Murphy v. Mowak, 223 Ill. 301; eligibility of beneficiaries; sustained; Scow v. Royal League, 223 Ill. 32; suicide by-law; sustained; Royal Arcanum v. McKnight, 238 Ill. 349; eligibility of beneficiaries; sustained; Garrity v. Catholic Order of Foresters, 148 Ill. App. 189; reclassification of prohibited occupations; sustained. Iowa—Ross v. Brotherhood of America, 120 Ia. 692; disability by-law; sustained; Norton v. Order of Foresters, 138 Ia. 464; reclassification of prohibited occupations; sustained; Ury v. W. W. A., 127 N. W. 665; forfeiture; death due to intoxication; sustained. Kansas—K. O. T. M. v. Nelson,

77 Kan. 629, 95 Pac. 1052; suicide by-law; sustained. Louisiana—Daughtry v. K. of P., 48 La. Ann. (part II) 1203; suicide by-law; sustained. Maryland—Mathieu v. Mathieu, 112 Md. 625; by-law for change of beneficiary; sustained. Massachusetts—Paine v. Society, Etc., 172 Mass. 321; disability benefits; sustained. Michigan—Borgards v. Insurance Co., 79 Mich. 440; additional forfeiture provision; sustained; Brinnen v. Supreme Council C. M. B. A., 140 Mich. 220; eligibility of beneficiaries; sustained; Monger v. New Era Ass'n, 156 Mich. 645; requiring submission of claims to tribunals of the order, etc.; sustained; Brown v. Great Camp, K. O. T. M., 167 Mich. 123, 132 N. W. 562; prohibited occupation by-law; sustained. Mississippi—Supreme Lodge v. Stein, 75 Miss. 106; suicide by-law; sustained; Dornes v. Supreme Lodge K. of P., 75 Miss. 466; suicide by-law; sustained. Missouri—Schrick v. Mutual Co., 34 Mo. 423; deprived member of right to receive money promised; sustained; Richmond v. Supreme Lodge, 100 Mo. App. 8; suicide by-law; sustained; Morton v. Royal Tribe, 100 Mo. App. 78; suicide by-law; sustained; Westerman v. Supreme Lodge, 196 Mo. 739; after-enacted law of State applies to certificate issued prior thereto; Ellerbe v. Faust, 119 Mo. 653; occupation; sustained; Allen v. Life Association, 8 Mo. App. 52; change of charter; sustained; State ex rel. v. Grand Lodge, 70 Mo. App. 466; occupation saloonkeeper; sustained. Nebraska—Farmers' Mut. Ins. Co. v. Kinney, 64 Neb. 808, 90 N. W. 926; additional forfeiture provision; sustained; Briggs v. Royal Highlanders, 84 Neb. 834, 122 N. W. 69; suicide by-law; sustained. New Hampshire—Supreme Council v. Adams, 68 N. H. 236; by-law governing disposition of funds; sustained. New Jersey—State ex rel. v. Camden Lodge, 73 N. J. L. 500; against entering saloon business; sustained. New York—Poultney v. Bachman, 31 Hun, 49; sick benefits; sustained; Hutchinson v. Supreme Tent K. O. T.

M., 68 Hun, 355; disability benefits; sustained; Shipman v. Proc. Home Circle, 174 N. Y. 398, 63 L. R. A. 347; suicide, insured being sane; sustained. North Carolina—Green v. Insurance Co., 139 N. C., 309; changing class of business; sustained. Ohio—Tisch v. Protected Home Circle, 72 Ohio St. 233; suicide by-law;.sustained. Pennsylvania—Chambers v. Supreme Tent, 200 Pa. 244; suicide by-law; sustained. Tennessee—Supreme Lodge K. of P. v. La Malta, 95 Tenn. 157, 30 L. R. A. 838; suicide by-law; sustained. Texas —West v. Grand Lodge, 14 Texas Civil Appeals 471; eligibility of beneficiaries; sustained; Eversberg v. K. O. T. M., 33 Texas Civil Appeals 549, 77 S. W. 246; suicide by-law; sustained. Vermont—Fugure v. Mutual Society, Etc., 46 Vt. 362; reduction of benefits; sustained. Virginia—Plunkett v. Supreme Conclave, 105 Va. 643, 55 S. E. 9; suicide by-law; sustained. Wisconsin—Schmidt v. Supreme Tent, 97 Wis. 528; reclassification of prohibited occupations; sustained; Hughes v. Wisconsin Odd Fellows, 98 Wis. 292; suicide by-law; sustained; Loeffler v. Modern Woodmen, 100 Wis. 79; reclassification of prohibited occupations; sustained. Federal Courts—Barrows v. Mut. Reserve Life Ins. Co., 151 Fed. 461; rates increase; sustained; Order of United Commercial Travelers of America v. Smith, 192 Fed. 102; definition of "external, violent and accidental means"; sustained; Supreme Lodge, Etc., v. Light, 195 Fed. 903; reclassification of prohibited occupations; sustained; Korn v. Mutual Assurance Society, 3 L. Ed. (6 Cranch.) 195; modification of plan of business; sustained; Wright v. Minn. Mut. Life Ins. Co., 193 U. S. 657; reorganization and change of character of association; sustained.

*William S. Campbell* for respondent.

(1) Subsequent by-laws undertaking to reduce the amount to be paid under certain contingencies,

such as death by suicide, do not take effect on previous
contracts, and stipulations in the application and cer-
tificate of insurance that the member will comply with
future regulations, mean the members will comply
with such as relate to his duty as a member, but
does not mean that the association may interfere with
the essential purpose of the contract, namely, the in-
demnity covenanted to be paid. Zimmerman v. Su-
preme Tent, K. O. T. M., 122 Mo. App. 591; Mathews
v. Modern Woodmen, 236 Mo. 326, 349; Dieterich v.
Modern Woodmen, 161 Mo. App. 97, 101; Morton v.
Supreme Council, 100 Mo. App. 76, 92; Smail v. Court
of Honor, 136 Mo. App. 434; Kavanaugh v. Royal
League, 158 Mo. App. 234, 243; Lewine v. Supreme
Lodge K. of P., 122 Mo. App. 547; Pearson v. Knights
Templar, Etc., 114 Mo. App. 283, 288; Wilcox v. Court
of Honor, 134 Mo. App. 547; Sisson v. Supreme Court
of Honor, 104 Mo. App. 54, 61; Young v. Railway Mail
Assn., 126 Mo. App. 325; Campbell v. American Benefit
Club, 100 Mo. App. 249; Smith v. Supreme Lodge K.
of P., 83 Mo. App. 512, 526; Grand Lodge v. Sater,
44 Mo. App. 445, 452, 453; Hysinger v. Supreme Lodge
K. of P., 42 Mo. App. 627, 635; Dowdall v. Catholic
Mutual Benefit Assn., 196 New York, 405, 408; Weber
v. Maccabees, 172 N. Y. 490, 493; Beach v. Supreme
Tent of Maccabees, 177 N. Y. 100; Evans v. Southern
Tier Masonic Relief Assn., 182 N. Y. 453; Ayers v.
Order of United Workmen, 188 N. Y. 280; Olson v.
Court of Honor, 100 Minn. 117, 119, 121; Ruder v. Na-
tional Council, Etc., 124 Minn. 431; Smythe v. Supreme
Lodge K. of P., 198 Fed. 967, 989; Knights Templar
& Masons Indemnity Co. v. Jarman, 44 C. C. A. 93,
104 Fed. 638; Parks v. Supreme Circle Brotherhood
of America, 89 Atl. (N. J. Ch.) 1042; Newhall v. Ameri-
can Legion of Honor, 181 Mass. 111, 117; Pokrefky
v. Fireman's Fund Assn., 121 Mich. 456; Heptasophs
v. Rehan, 119 Md. 92. (2) It has been repeatedly held
that the provision in the application of the member to

comply with future by-laws and regulations mean the member will comply with such by-laws, rules and regulations as relate to his duties as a member of the association, and that the order is powerless, by by-laws or otherwise, to change or modify the essentials of the contract of insurance without the express consent of the member. Zimmerman v. Supreme Tent, K. O. T. M., 122 Mo. App. 591; Kavanaugh v. Royal League, 158 Mo. App. 234, 243; Morton v. Supreme Council, 100 Mo. App. 76, 92; Campbell v. American Benefit Club, 100 Mo. App. 249; Sisson v. Supreme Court of Honor, 104 Mo. App. 54, 61. (3) An after enacted by-law which has the effect of materially changing the contract between the insured and the society, by greatly reducing the amount which his beneficiary would receive at his death, is an unreasonable change, and not binding upon the insured or his beneficiary. Kavanaugh v. Royal League, 158 Mo. App. 234; Lewine v. Supreme Lodge, K. of P., 122 Mo. App. 547.

REYNOLDS, P. J.—The petition in this case avers that on August 14, 1900, the defendant organization issued to one Emanuel Dessauer its certificate of membership whereby it was agreed, among other things, that upon satisfactory proof of the death of the member, together with the surrender of the certificate, that defendant would pay to plaintiff, the beneficiary named, who was the wife of the member, the sum of $3000. Averring that the member had observed and performed all the conditions and stipulations in the certificate and had made all payments required to be made under its terms, and that he died on January 19, 1911; that plaintiff furnished all proofs of death required by defendant and surrendered to it therewith the policy or certificate, and that she has demanded payment of the $3000, which has been refused, and averring that that refusal was vexatious, judgment is demanded for $3000, the amount of the

policy and interest, for ten per cent of that amount by way of damages, and $300 for attorney's fee, a total of $3600, interest and costs. Attached to this petition as an exhibit and taken as part thereof in the motion for judgment hereafter referred to, is the certificate of membership. This recites that Emanuel Dessauer has been regularly admitted as a member of the order, and that in accordance with, and under the provisions of the laws of the order, he is entitled to all the rights, benefits and privileges of membership therein, and that at his death one assessment on the membership, not exceeding in amount the sum of $3000 will be paid to plaintiff, his wife, upon satisfactory proof of his death, together with the surrender of the certificate, *"provided he shall have in every particular complied with the laws of the order now in force, or that may hereafter be adopted*, and has not obtained his membership by fraud . . . as shown by his application, which is hereby made a part of this certificate."  (Italics ours.) This is dated August 14, 1900, the policy being delivered to the member on August 28, 1900.

The answer avers that defendant is a fraternal beneficial association, created and organized under the laws of the State of Michigan; that it has complied with the laws of the State of Missouri and is authorized to do business in this State as a fraternal beneficiary association and was so authorized at the time of the issuance of the certificate involved, defendant being successively authorized to do business in this State under the laws thereof after the issuance of the benefit certificate down to the present time. Averring that it has the qualifications required under our law to constitute it a fraternal beneficiary association, and is carried on exclusively as such, it is further averred that on July 13, 1900, Dessauer made application to one of the subordinate lodges of the defendant organization for a certificate in the sum of $3000, payable in case of his death to his wife; that in the application for the

membership Dessauer "agreed that the laws of the Supreme Tent of the Knights of the Maccabees *at that time in force, or that might thereafter be adopted,* should form the basis of this contract for beneficial membership, and that all the rights of the beneficiary should be governed, measured and controlled *by the laws then in force, and by the laws that might thereafter be adopted.*" (Italics ours.) Admitting that the certificate was issued upon an application bearing date July 13, 1900, it is averred that the certificate, among other things, provides that the sum of $3000 was to be paid the beneficiary, provided the member shall have, in every particular, complied with the laws of the order at that time in force *or that might after that time be adopted*" (Italics ours.) It is further averred that after this certificate had been applied for by and issued to Dessauer, namely, on July 26, 1904, the following by-law was duly adopted by the order at its annual meeting duly called and held at that time, the amendment designated as section 396, namely:

"No benefits shall be paid on account of the death of a member who shall die by his own hand, whether sane or insane, provided, however, that the beneficiary named in life benefit certificate, or the person legally entitled to the benefit, shall receive an amount equal to twice the amount contributed to the life benefit fund by the member during his lifetime."

It is averred that this by-law, after its adoption, was printed, published and distributed by defendant, *and that the member Dessauer had knowledge and notice of the adoption and promulgation of it, acquiesced in the same and continued to pay his assessments and dues thereafter up to the time of his death.* Averring that the member Dessauer, on January 19, 1911, took his own life by shooting himself in the head with a pistol and thereby, under the meaning of the law, had committed suicide, and averring that during his life the member had paid into the life benefit fund the

sum of $372, it is averred that defendant is indebted to plaintiff in double that sum, namely, $744, and no more, which sum it is averred it has tendered to plaintiff and now asks to be allowed to pay into court as the full amount due plaintiff under the certificate.

The stipulation of facts sets out that for the purposes of the motion of plaintiff for judgment on the petition, answer, and on this stipulation, that on August 14, 1900, the date upon which the benefit certificate sued on in the case was issued to Dessauer, the laws of the Supreme Tent relating to suicide were as follows:

"No benefit shall be paid . . . when death was the result of suicide within five years after admission, whether the member taking his own life was sane or insane at the time, or when the death of the member was intentionally caused by the beneficiary or beneficiaries of such member; provided, that in case of suicide within five years after admission, all assessments paid to the Supreme Tent by such member shall be paid back to the beneficiary named in the certificate and such amount shall be the full amount that can be claimed in any such case."

It was further agreed in this stipulation that the date of the filing of the petition in the case should be taken as May 18, 1911, upon which date defendant entered its appearance in the case.

This stipulation filed, plaintiff filed a motion for judgment on the petition, answer, and stipulation.

This motion proceeds on the theory that the defense of suicide set up by defendant, even if proven, would not constitute any defense to the action for the reason that the amended by-law pleaded, and as it is alleged in defendant's answer, was passed after the issuance of the benefit certificate involved and is therefore not binding upon plaintiff; that it appears by the stipulation filed that at the time that benefit or membership certificate was issued, the by-law set out and

embodied in the stipulation was in force, and that it appeared by the pleadings that Dessauer had been a member of defendant organization for more than five years at the time of his death.

It is further set out in this motion that defendant had no power, after the issuance of the certificate to the insured, to enact this by-law No. 396, which has the effect to destroy the contract entered into with the insured, and thereby decreasing the amount the beneficiary shall receive.

The first judgment of the court in the case awarded plaintiff $3427.50. On motion this was set aside and a new judgment entered in favor of plaintiff for $3135, that being the full amount called for on the face of the certificate, and interest.

When this case was first docketed for hearing we passed it, on the statement of counsel that there was a case then pending in the Supreme Court of our State, the determination of which would have an important bearing on this case. Later that case was decided by the Supreme Court and this cause was redocketed for hearing, argued and submitted. We have the case referred to now before us, it being that of Claudy v. The Royal League, 259 Mo. 92, 168 S. W. 593.

The motion for judgment admits all the facts well pleaded in the petition and answer as also those covered by the stipulation.

The learned counsel for respondent challenges the binding effect of the Claudy decision as not covering the facts or point here involved and claims that inasmuch as many of the cases relied upon by him hold a like change of law is not binding on one who had acquired rights prior to the change, that it was not intended to override those decisions.

Our consideration of that decision and the opinion of our Supreme Court in that case satisfies us that we are concluded by it in this case. It is true that the opinion does not, by name, overrule all the cases

relied on by counsel for respondent. But when we consider what it does hold and the cases to which it does refer, we think that the point here involved is covered and fully met.

Examination of the line of decision and of the cases which are referred to demonstrates this. Thus our own court, in Richmond v. Supreme Lodge, Order of Mutual Protection, 100 Mo. App. 8, 71 S. W. 736, the decision rendered January 20, 1903, held, discussing the amount to be paid under a certificate, the amended by-law making it lower in amount than the amount payable at the time the certificate was issued, that such amended by-laws were valid, the certificate, by-laws and constitution of the order in force at the time the member joined contemplating and providing for the modification of the member's right by subsequent by-laws; that under such provision of the organic rules of the order which entered into the contract, such a change was within the power of the association although the member's consent had not been specifically obtained. A few months later our court, in Morton v. Supreme Council of Royal League, 100 Mo. App. 76, 73 S. W. 259, the opinion filed March 3, 1903, held that a change in the by-laws as to suicide, made after the certificate was issued, did not offset liability for the full amount called for in the certificate; that when the order had so interpreted its contracts as to render itself liable thereunder it could not change its by-laws to the disadvantage of the member or beneficiary, unless the change was reasonable; that even though the certificate holder committed suicide while sane, by providing in the certificate that the company should not be liable if the insured committed suicide within two years after the issue of the certificate and thereafter passing by-laws to the effect that if the insured committed suicide his beneficiary should be entitled to only one-half of the face of the policy, that this change in the by-laws was unreasonable and did not affect the certificate as orig-

inally issued. Since the decision in Morton v. Supreme Council, supra, there have been several decisions of our court and of the other Courts of Appeals holding that changes of the character of the one before us in the by-laws or constitution of the order, unless those changes, or other changes effected in the contract, were reasonable, were invalid.

In Claudy v. Royal League, supra, our Supreme Court (1. c. 107), specifically approving our decision in Richmond v. Supreme Lodge, etc., supra, has, if not by name, by implication, overturned all of these subsequent opinions, or distinguished this from those cases of which Pearson v. Knight Templars & Masons Indemnity Co., 114 Mo. App. 283, 89 S. W. 588, is a type, as being organizations in which an amount certain was contracted for and not as here and in the Claudy case, that amount dependent upon the amount collected by assessment.

Our court, in Lewine v. Supreme Lodge, Knights of Pythias of the World, 122 Mo. App. 547, 1. c. 554, 99 S. W. 821, held that like certificates create contracts and establish obligations as do others and ''are immune from future impairment, modification or change identically as other contracts are, without the assent of the parties in interest.'' We further there held that while the beneficiary ''has no vested right in the fund prior to the happening of the contingency upon which the benefit is to accrue; or in other words, that the beneficiary has but an expectancy, subject to the right of the member insured to terminate it if he sees fit so to do,'' that ''this proposition is not true, however, with respect to the insured. Indeed, while the insured has no vested right in the fund, such as would become assets of his estate after his decease (Bacon on Benefit Societies (3 Ed.), 237), he has clearly a vested right in the contract with the association whereby he is given the power to designate who shall receive, and the amount that shall be received by those whom he des-

ignates as the recipients of his bounty, and this is considered as in the nature of a property right.'' Our conclusion was, that the contract could not be substantially altered or its obligation abridged by a subsequent law as to suicide.

In the Claudy case, supra (l. c. 106), it is said: ''It is well established that no vested rights are conferred by a certificate of the character of the one under consideration. [Grand Lodge v. McFadden, 213 Mo. 269, 284, and cases; Westerman v. Supreme Lodge, 196 Mo. l. c. 738.]''

Referring to the Westerman case, supra, the decision of our court in Morton v. Royal Tribe of Joseph, 93 Mo. App. 78, this is quoted approvingly from the opinion in that case: ''If the certificate was like an ordinary policy of insurance, or if it had vested any beneficial interest in any one prior to the death of the member, we would readily yield to the contention [that is that what is now section 6945, Revised Statutes 1909, applied], but it is the settled law that neither the member nor the beneficiary had any vested interest in the certificate of insurance prior to the death of the member.''

In Grand Lodge v. McFadden, supra, the point in issue was the right of the member to change the beneficiary. That was upheld on the ground that the beneficiary has no vested interest prior to the death of the member, the Supreme Court adopting the view of our court as expressed in the same case. [See 114 Mo. App. 191.]

We cannot regard the decision in the Claudy case in any light other than as overruling what we had in decision in Lewine v. Supreme Lodge, supra.

In a very recent opinion by the Supreme Court of Minnesota, Ledy v. National Council of Knights & Ladies of Security, — Minn. —, 151 N. W. 905, that court held that a change in the by-laws of the society, made after one became a member, by which the amount

of payment in case of suicide was altered, was binding upon both the member and his beneficiary. A very full citation of cases in support of that will be found in the opinion, giving that as the rule sustained by the weight of authority, the decision of our court in Lewine v. Supreme Lodge being cited as one of a few decisions to the contrary.

While the decision of our court in the Lewine case, supra, is not referred to in the Claudy case, it was cited by counsel for appellants in that case (l. c. 95) among other authorities relied upon.

In the Claudy case as in the case at bar, it was provided in substance, that the member agreed to comply with, and that the rights of himself and beneficiaries were subject to, all the laws, rules and regulations in force in the order at the time of his becoming a member "or which may hereafter be adopted by it."

In both cases it is provided that a sum not exceeding the amount named should be payable "in accordance with and under the provisions of the law governing said fund." Says our Supreme Court in the Claudy case (l. c. 106), "This contract, therefore, contemplated that the association might change its by-laws, rules and regulations so as to affect the amount of insurance to be paid, especially in the event of the member's death by suicide, and the member agreed to be bound by such changes."

In the Claudy case, at the time of the issuance of the benefit certificate, the by-laws of the association provided: "If any member, whether admitted heretofore or hereafter, shall die by his own hand, sane or insane, his beneficiary or beneficiaries shall receive only one-half of the face value of his benefit certificate." The by-laws, after several changes, at the time of the death of the member and then in force provided:

"No member, whether admitted heretofore or hereafter, shall die by his own act or hand (sic), sane or insane, and if any member, whether admitted here-

tofore or nereafter, shall die by his own act or hand, sane or insane, such death shall forfeit all the rights and claims to the amount agreed to be paid on his death and specified in the benefit certificate of such member, and his beneficiary or beneficiaries shall receive and be paid in lieu thereof, such a proportion of the sum named in his benefit certificate as the total amount which he has paid into the Widows' and Orphans' Benefit Fund bears to the amount he would have paid had he lived out his entire life expectancy at his age of entering.''

This quoted provision of the by-laws of the Royal League is not as liberal to those of its members who commit suicide as the new by-law in the case at bar. Still our Supreme Court held it to be a reasonable provision, a reasonable change, in the by-laws.

In the case at bar, unlike any such statement in the Claudy case, is the distinct averment in the answer, admitted by the motion for judgment, that the member Dessauer, "had knowledge and notice of the adoption and promulgation of said by-law (section 396), and acquiesced in the same, and continued to pay his assessments and dues thereafter up to the time of his death." Whether this operated as an estoppel, in the absence of any facts averred in avoidance, is not necessary to determine here. We refer to it as going somewhat further than the constructive notice a member is often said to have of the organic laws of his society.

In the Claudy case, as here, there was a motion for judgment on the pleadings which was sustained by the trial court, it rendering judgment in favor of plaintiff in the sum of $1000, basing this on the by-law as to suicide in force at the time of the issue of the certificate. That was the action of the court in the case before us, the amount, however, different. Our Supreme Court said (l. c. 108), "No contractual relation between the member or the beneficiary and the association having been violated by the change in the by-laws and the

same being reasonable and for the best interests of the association, we hold that its action in this regard should be sustained, and so holding it follows that the judgment below should be reversed and remanded, and the trial court directed to enter up judgment in favor of plaintiff'' in the sum found to be due "upon the basis of calculation fixed by the by-law in force at the time of the death of the member.''

In the light of this decision, it is unnecessary to go into any further discussion of this case.

The judgment of the circuit court should be reversed and the cause remanded, with directions to that court to enter up judgment in favor of plaintiff for the amount tendered, to-wit, $744, costs to be taxed against the plaintiff, *Allen, J.,* concurring, but as *Nortoni, J.,* dissents in a separate opinion and asks that the cause be certified to the Supreme Court as in conflict with Mathews v. Modern Woodmen of America, 236 Mo. 326, 139 S. W. 151, that is accordingly done.

## DISSENTING OPINION.

NORTONI, J.—I do not regard the case of Claudy v. Royal League, 259 Mo. 92, 168 S. W. 593, as directly in point and controlling on the precise question in judgment, and, therefore, dissent from the opinion of the court. I deem the correct rule of decision on the subject-matter here involved to be declared in the case of Smith v. Sup. Lodge, K. of P., 83 Mo. App. 512, in which the opinion was prepared by Judge BOND, and the case of Morton v. Sup. Council of Royal League, 100 Mo. App. 76, 73 S. W. 259, in which the opinion was prepared by Judge GOODE, and Zimmermann v. Sup. Tent, etc., 122 Mo. App. 591, 99 S. W. 817, in which the opinion was prepared by Judge BLAND, and the case of Lewine v. Sup. Lodge, K. of P., 122 Mo. App. 547, 99 S. W. 821. When it is remembered that forfeitures are not favored in the law and that words are

not appraised at more than their face value in order
to accomplish such a result, it seems those cases are
correctly decided. [See Mathews v. Mod. Woodmen,
etc., 236 Mo. 326, 139 S. W. 151.]

Such is the correct principle which, in my judg-
ment, should control in cases of this character; and
when it appears that a man does no more than agree to
comply with future by-laws of an order, it should not
be interpreted from this that he agreed his insurance
should be entirely swept away by such future by-law.
The word "comply" and words of similar import mean
no more in their ordinary sense than that one will con-
form his conduct as a member of the order to such
future by-laws, and not that he agrees his insurance
may be defeated entirely thereby. The statement that
the insured member of a beneficiary order has no vested
right whatever in the certificate or contract of insur-
ance, though frequently made, cannot be true in en-
tirety, for he certainly has a right to insist that his
contract shall be enforced according to its terms, what-
ever such may be. It cannot be that the order alone,
without his consent given in same manner, may change
the contract so as to destroy the rights accruing there-
under, as though he has no vested right therein. It
is true the beneficiary enjoys no vested interest in the
fund, and neither does the insured member, for the
fund is not available to him during his lifetime. But
obviously the insured enjoys a vested right in the con-
tract to have it interpreted under the law and to have
it enforced according to its terms whatever such terms
may be.

The Supreme Court, in Mathews v. Modern Wood-
men, 236 Mo. 326, 139 S. W. 151, in an able opinion
prepared by a great judge, recognized this doctrine,
for though in that case the agreement incorporated in
the contract or certificate of insurance provided that
the insured should conform in all respects to the laws,
rules and usages of the order "now in force or which

may hereafter be adopted," it was declared incompetent for the order to destroy his insurance as by enacting a subsequent by-law, inhibiting the occupation of a bartender.

Concerning this matter, the court said:

"If it impair the substantive property rights of the member in his insurance contract as that contract existed before its passage, then, by the law of the land, it becomes inoperative in so far as it impairs the obligation of a contract previously entered into between the company and Mathews. Such is the *rationale* of Schmidt v. Supreme Lodge, 228 Mo. 675, supra. The question is there so exhaustively considered that no new or further exposition is necessary. Our conclusion is, in any view of it, that said by-law should not control our disposition of this case." [See Mathews v. Mod. Woodmen, 236 Mo. 326, 349, 139 S. W. 151.]

I deem the opinion of the court to be in conflict with the decision of the Supreme Court in the case last cited and that it impairs a just rule of decision well established in a multitude of cases and, therefore, request the case be certified to the Supreme Court for final determination, according to the mandate of the Constitution.